### In re KENNEY.

#### (Circuit Court of Appeals, Second Circuit. December 6, 1900.)

#### No. 21.

BANKRUPTCY—DISSOLUTION OF LIENS—PROCEEDS OF EXECUTION.

Under Bankr. Act 1898, § 67f, providing that "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be null and void in case he is adjudged a bankrupt," where, within four months before the filing of a petition in bankruptcy against an insolvent judgment debtor, an execution has been issued and levied on his personal property, and sale made, the proceeds of such sale, remaining in the sheriff's hands at the time of the adjudication, do not belong to the judgment creditor, but to the estate of the bankrupt, and the court of bankruptcy has power and jurisdiction to order the sheriff to pay over such proceeds to the trustee when appointed.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon an appeal from an order of the district court, Southern district of New York, which directed that so much of the right under a judgment obtained by Clark against Kenney for $20,906.66, in the supreme court of New York, and the levy made by the sheriff under the execution issued to him upon the said judgment, as is represented by the proceeds of the sale made by said sheriff under said execution, be preserved for the benefit of the estate of the bankrupt, and that the same pass to, and shall be preserved by, the trustee, and further directing the sheriff to turn over said proceeds, viz. $12,451.09, now in his hands. 97 Fed. 554.

S. L. Samuels, for petitioner.
Nelson S. Spencer, for trustee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). The questions arising upon this appeal have been quite fully discussed in the opinion of the district judge, and it seems hardly necessary to write more than an intimation that this court concurs in his reasoning and conclusions.

The facts disclosed upon the papers, chronologically stated, are these: On March 6, 1899, Clark recovered judgment against Kenney in the state court for $20,906.66, and execution was issued on the

same day. On March 15, 1899, the sheriff sold out defendant's stock of goods, which he had levied upon, for $12,451.09. On April 13, 1899, petition in involuntary bankruptcy was filed, and Kenney was adjudged a bankrupt on July 12th. The sheriff not having paid over the proceeds of the execution at the time petition was filed, he was temporarily enjoined from doing so, and subsequently, after a hearing in which Clark appeared, presented testimony, and was heard, the order appealed from was made and entered.

The question presented is, who is entitled to the $12,451.09,—the trustee or the judgment creditor? As the district judge has clearly pointed out, the answer to this question is to be found, not in the earlier act of 1867, nor in the decisions thereon, but in the present act, which is certainly most drastic in its provisions, as will be seen from an inspection of the particular section applicable to the facts in the case at bar:

"Sec. 67f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

There can be no doubt that it was the intention of congress by this section to prohibit creditors of a bankrupt from obtaining preferences over other creditors, as the result of any legal proceedings against him, during the period of four months prior to the filing of the petition; and apt words are used to express that intention. The property of the bankrupt is safeguarded against all such proceedings by the provision that such of them as would ordinarily be liens against such bankrupt shall be deemed null and void, and the property wholly discharged and released from the same. A broad and liberal construction of the section should be adopted if necessary to effect this intent, but no strained construction is necessary in the face of language so comprehensive. Applying it to the concrete case now before us, we find that four months before petition the bankrupt had a stock of goods worth $12,000 or more. He did not sell them, and, if nothing had happened, they would have been in his possession when his estate passed to the trustee, who might have realized the $12,000 from them to distribute among all the creditors. How has this amount disappeared? Because Clark obtained a judgment against the bankrupt, and the sheriff under such judgment made a levy, which removed the goods from the bankrupt's estate, and turned them, through sale, into money. But, under the provisions of the bankrupt act, the judgment and the levy are to be held null and void.

As a consequence, the goods have been forcibly removed, without right, from the bankrupt's possession by Clark and the sheriff, and are still to be considered a part of his estate, for the return of which the court (by explicit provision in the section) may provide summarily by order, except that the title of a bona fide purchaser for value shall not be interfered with. It makes no difference whether the creditor and sheriff, whose only title rests on "null and void" proceedings, hold the goods themselves, or the money which represents them, nor whether, as soon as the sheriff sells under execution, it is his duty to turn over the proceeds to the judgment creditor, nor whether under the law of New York the sheriff holds the proceeds as the agent of the creditor, nor that ordinarily such proceeds would be the property of the judgment creditor. They cannot be his property in this case, because the only proceedings through which he can make out title to retain their possession are such as the bankruptcy courts must hold to be null and void.

A further objection to the granting of the order, based on an alleged partnership between the bankrupt and a person who put some money in the business, is sufficiently discussed in the opinion of the district judge. The order of the district court is affirmed.