In re LESSER et al.

(District Court, S. D. New York. January 15, 1901.)

BANKRUPTCY—DISCHARGE OF LIENS—GARNISHMENTS.

Under Bankr. Act 1898, § 67f, which provides that "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same," a provisional lien acquired by the service of garnishment process more than four months prior to the filing of a voluntary petition in bankruptcy by the defendant, but which, under the state laws, can be made effective only through a judgment, and a levy or demand thereunder, is discharged where judgment is not obtained until within four months prior to the filing of the petition, since such judgment "affects" the property, and cannot be made the basis of proceedings to enforce such lien.

In Bankruptcy. On motion to vacate stay.

Putney, Twombly & Putney, for the motion.
Anderson & Anderson, opposed.

BROWN, District Judge. This is a motion to vacate a stay of proceedings heretofore granted against the further prosecution of two suits in Connecticut against the bankrupts, in which the Brainerd & Armstrong Company, a corporation, was plaintiff, and in which it had by process of foreign attachment garnished certain debts owing

to the bankrupts. The garnishee process was served in one suit in October, 1896, and in the other in June, 1897, by which under the law of Connecticut a lien was created, to continue until 60 days after judgment upon the property attached, to secure the payment of any execution that might be levied under the judgment recovered in the suit. Judgments were recovered in those suits on December 7, 1900. The bankrupts had filed their voluntary petition in bankruptcy in this court on May 12, 1899, and were adjudicated bankrupts on the same day. On June 7, 1899, at a creditors' meeting, Mr. Barker was duly appointed trustee. On December 6, 1900, this court granted an order restraining the Brainerd & Armstrong Company from further prosecuting their proceedings in the suits above stated, which order was served upon them the same day, but after the entry of the above-named judgments. The present motion is to vacate that order.

Upon a previous petition by Metcalf Bros. & Co. in this same bankruptcy proceeding (In re Lesser, 100 Fed. 433), it was held by this court that the provisional or inchoate lien acquired by filing a judgment creditors' bill more than four months prior to the proceedings in bankruptcy, could not be made available by the judgment creditor under section 67f of the bankrupt act, to obtain a preference over other creditors, unless a judgment was obtained in that suit more than four months before the bankruptcy proceedings. That decision has been recently affirmed on appeal in the circuit court of appeals (Dec. 6, 1900) in which, however, the question as to the effect of section 67f on an attachment at law more than four months prior to the petition in bankruptcy was reserved, without any expression of opinion thereon.[1]

On considering, however, the language of section 67f, its intention as declared in repeated adjudications in the circuit court of appeals, and the nature of the lien and the means necessary to make it effectual as shown by the statutes of Connecticut, I am unable to find any material distinction between the present case and the former.

Section 922 of the General Statutes of Connecticut provide that

"No estate, which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor shall take out an execution and have it levied on the personal estate attached, or demand made on the garnishee in cases of foreign attachment within 60 days after the final judgment." See Beers v. Place, 4 N. B. R. 459, Fed. Cas. No. 1,233.

By section 1252 this limitation is again made applicable to garnishments by foreign attachment.

Debts owing to the defendant and attached by garnishee process, it is declared by section 1231, "shall be secured (that is, held fast) in the hands of such garnishee to pay such judgment as the plaintiff may recover."

Section 1253 declares:

"If judgment be rendered in favor of the plaintiff in any action by foreign attachment, all the effects in the hands of the garnishee at the time of the attachment or debts then due from him to the defendant * * * shall be liable for the payment of such judgment; and the plaintiff, on praying out an

---

[1] Opinion withdrawn, and case certified to supreme court.

execution, may direct the officer serving the same to make demand of such garnishee of the effects of the defendant in his hands and of any debt due to the defendant, and such garnishee shall produce or pay the same, to be taken or applied on said execution."

By the same section if the garnishee has parted with the effects or debt or fails to pay them over as demanded, scire facias may be served on the garnishee to show cause, etc., and if found indebted, judgment on the scire facias may be entered against the garnishee.

From these provisions it is manifest, it seems to me, that although an attachment of chattels belonging to a defendant, or an attachment of a debt owing to him by a garnishee, creates a statutory lien for the payment of the judgment, this lien is only a provisional one; it does not create any property or right of property in the plaintiff in the things attached. It transfers to him no title whatsoever; it creates no jus in re, and is nothing more than the taking of the chattels or debt, actually or constructively, into the custody of the court, to be held by the court, for the purpose of subjecting the same to any levy or demand under execution that may be made by the sheriff within 60 days after a judgment recovered in plaintiff's favor as against any other creditor or vendee subsequently claiming the same. The judgment, the execution and the levy by the sheriff in cases of personal chattels attached, or a demand of payment by the sheriff in the case of the garnishment of a debt, which is the same thing as a levy, are indispensable to make the lien of any avail to the plaintiff. In the case of Davenport v. Tilton, 10 Metc. (Mass.) 320, Chief Justice Shaw, speaking of attachments under the law of Massachusetts, which are essentially the same as under the law of Connecticut, says:

"An attachment of property on mesne process is a specific charge upon the property for the security of the debt sued for, and the property is set apart and placed in the custody of the law for that purpose, subject only to the condition that the attaching creditor shall obtain judgment in the suit, take out execution and levy upon the property so held within a limited time."

The case of Beardsley v. Beecher, 47 Conn. 413, is to the same effect.

Such an attachment is, therefore, only a provisional or conditional lien, which can only be established or made effectual by the subsequent recovery of judgment and a levy of execution thereon. It necessarily follows therefore that unless a valid judgment can be recovered and a valid levy or demand under execution can be made, the attempt to enforce it by these means must be enjoined. Section 67f explicitly provides that

"All levies, judgments," etc., "obtained through legal proceedings * * * at any time within the four months prior," etc., "shall be deemed null and void * * * and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and relieved from the same and shall pass to the trustee as part of the estate of the bankrupt."

This applies to voluntary as well as involuntary proceedings. Coll. Bankr. (3d Ed.) 433. As both the judgments are in this case null and void and no levy or demand of payment under execution can lawfully be made under them, the plaintiff in the attachment suits should be enjoined from attempting by such means to obtain an unlawful preference.

In the Case of Lesser above cited, the court of appeals in its opinion by Shipman, C. J., says:

"If the court which rendered the decree had power to create priority the right to priority is perfected, but if the judgment so far forth as it directs priority becomes waste paper the lien is gone. * * * The Metcalfs cannot have the benefit of the decree which directs payment to them of their judgments in the actions at law, because preferences created by the decree were made null by the bankrupt act."

Similarly here, both the judgment and the levy, which are necessary to any application of the property attached to the plaintiff's use are by section 67f rendered null and void.

A further provision of the same section also declares that the "property affected by the levy, judgment," etc., "shall be deemed wholly discharged." Any property attached, it seems to me, is clearly within this provision as being "affected by the judgment and levy" inasmuch as it is only through a judgment and a levy that any application of it for the plaintiff's benefit can be made. The general intention of the bankrupt law by this section to prevent all preferences in favor of one creditor over another from being obtained through any judgment or levy within four months, is strongly stated by the court of appeals in this circuit in the case of In re Kenney (Dec. 6, 1900) 105 Fed. 897, where the court speaking by Lacombe, Circuit Judge, says:

"There can be no doubt that it was the intention of congress by this section to prohibit creditors of a bankrupt from obtaining preferences over other creditors as the result of any legal proceedings against him, during the period of four months prior to the filing of the petition. And apt words are used to express that intention."

I do not see how any fair and reasonable effect can be given to the explicit language of section 67f or to its evident intention to prevent preferences, without holding that such attachments can no longer be enforced by means of a judgment or a levy recovered within four months of the bankruptcy proceedings. For some purposes, no doubt, such judgments may remain. Section 67f itself recognizes one most useful purpose, viz. to secure, where necessary, a benefit to the trustee in behalf of all the creditors. Such a judgment may also liquidate the amount due on an unliquidated claim, and be valid for that purpose. But as a means of enforcing a preference, and still more where an execution thereon and levy or demand thereunder are necessary to effectuate a preference, the judgment and execution are declared null and void. The object of section 67f plainly is to prevent any judgment or execution or levy from being so used; and all attempts to make use of a judgment or levy for that purpose when acquired within four months should therefore be enjoined.

The motion is, therefore, denied.