## In re McCARTNEY.

(District Court, E. D. Wisconsin. July 18, 1901.)

1. BANKRUPTCY—GARNISHMENT—RELEASE—VOLUNTARY PROCEEDINGS.

Under Bankr. Act 1898, § 67f, providing that all attachments or other liens obtained through legal proceedings against a person who is insolvent within four months prior to the filing of a petition in bankruptcy against him shall be deemed void in case he is adjudged a bankrupt, a garnishment made within four months of the insolvent defendant being adjudged a bankrupt on his own petition is released, since such statute applies as well to voluntary, as to involuntary, proceedings.

2. SAME—PAYMENT INTO COURT—PROTECTION OF GARNISHEE.

Under Bankr. Act 1898, § 67f, providing that liens obtained through legal proceedings against an insolvent within four months of the filing of a petition on which he is adjudged a bankrupt shall be released, and the property affected pass to the trustee, and that the court may order such

conveyance as shall be necessary to carry the purposes of such section into effect, the court may receive from one indebted to the bankrupt the amount of such debt, though it was garnished within four months of the adjudication in bankruptcy, and judgment therefor entered against such debtor in a state court, and may make such order as may be necessary to protect such garnishee.

### In Bankruptcy.

On petition of Wisconsin Central Railway Company for relief on garnishment proceedings for its indebtedness to the bankrupt. The bankrupt filed his voluntary petition and was adjudged bankrupt on May 23, 1901, pending the garnishment proceedings in justice's court, wherein judgment had been entered in the principal action against the bankrupt, and an order made upon the answer of the garnishee to pay to the justice the sum due from it to the bankrupt within 10 days after May 15, 1901; the bankrupt being insolvent throughout such proceedings. On May 27th judgment was entered against the garnishee in default of such payment, pursuant to section 3726, Rev. St. Wis. 1898. The petitioner further sets up that the amount of its indebtedness to the bankrupt is exempt, and so claimed by him, and prays leave to pay the amount thereof into this court, and for such order in the premises as may be just, for the protection of the petitioner therein.

Charles M. Morris, for Wisconsin Cent. Ry. Co., garnishee.
W. J. Kershaw, for bankrupt.
Lindley Collins, for judgment creditors.

SEAMAN, District Judge. This petition distinctly presents the questions (1) whether the garnishment proceedings were invalidated by the adjudication in bankruptcy, and, if so (2) whether the bankruptcy court can take jurisdiction to decree accordingly, receive into court the amount payable by the garnishee, and relieve such garnishee from further liability.

1. The answer to the first question appears in the unmistakable terms of section 67 of the bankruptcy act of 1898, which provides "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt," and that the property affected thereby shall be discharged and released from the same, and pass to the trustee. That this provision applies equally to voluntary and involuntary cases is settled for this circuit, at least, by the decision of the circuit court of appeals in Re Richards, 37 C. C. A. 634, 96 Fed. 935, 3 Am. Bankr. R. 145; and it is clear that the garnishment proceeding falls directly within its terms, as recently held by Judge Brown in Re Lesser (D. C.) 108 Fed. 201. See, also, In re Kenney (C. C. A.) 105 Fed. 897, 5 Am. Bankr. R. 355; Coll. Bankr. (3d Ed.) 430. The decisions under the former bankruptcy acts, which are cited by counsel in opposition to the rule herein to show cause, are not applicable to the explicit provision of the present act, as well pointed out in the opinions above cited.

2. The question of administering relief in such case in the bankruptcy court is not so free from difficulty. While section 67 expressly provides that liens so obtained "shall be deemed wholly discharged and released," that the property affected "shall pass to the

trustee as a part of the estate," and that "the court may order such conveyance as shall be necessary to carry the purposes of this section into effect," the decisions thereunder are not in unison as to the powers of the bankruptcy court to enforce such provisions. In the Second circuit the above-cited ruling by Judge Brown (In re Lesser [D. C.] 108 Fed. 201) is well in point for exercise of plenary jurisdiction in such case, and the circuit court of appeals clearly affirms like doctrine in Re Kenney, supra. On the other hand, the circuit court of appeals of the Fifth circuit pronounces against this jurisdiction (In re Seebold, 5 Am. Bankr. R. 358), following their previous ruling (In re Abraham, 35 C. C. A. 592, 93 Fed. 767), and citing Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. But the recent decision of the supreme court, under the title of Bryan v. Bernheimer (April 15, 1901) 21 Sup. Ct. 357, 45 L. Ed. ——, 5 Am. Bankr. R. 623, reverses In re Abraham, and modifies the expressions in Bardes v. Bank, and I am of opinion, therefore, that the rule held in the Second circuit conforms to the purposes of the act, and is in accord with this later opinion of the supreme court, that it is applicable to the case at bar, and should be so applied. An order will be entered accordingly, as prayed in the petition.