### In re WEINGER, BERGMAN & CO.

(District Court, S. D. New York. December 14, 1903.)

1. BANKRUPTCY — JURISDICTION OF COURTS — PROPERTY HELD BY ADVERSE CLAIMANT.

Where property of a bankrupt is held adversely to his estate under a claim of seizure on process from a state court, the court of bankruptcy has jurisdiction to summarily inquire and determine whether the adverse claim has an actual basis, or is merely colorable; and where it determines that the seizure was by an abuse of process—as where the taking was after the filing of the petition in bankruptcy, on a writ of replevin which did not describe the property, but other and different property— the court has power to order its surrender by the person in possession to the trustee or receiver in bankruptcy.

2. SAME—FILING OF PETITION AS CAVEAT—SUBSEQUENT SEIZURE OF PROPERTY BY STATE COURT.

A bankrupt's property is within the jurisdiction of the bankruptcy court as soon as the petition is filed, so far as to prevent a state court, which subsequently seizes it, from being held to have first obtained exclusive jurisdiction.

3. SAME—SEIZURES AVOIDED BY BANKRUPTCY—REPLEVIN.

It seems that the word "levies," as used in Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], which makes void "all levies, judgments, attachments or other liens, obtained through legal proceedings" within four months prior to the bankruptcy of an insolvent defendant, is sufficiently comprehensive to include any seizure of property in the bankrupt's possession, and which he claims to own, and to cover a seizure on a writ of replevin in a suit to recover property sold and delivered on credit under a contract which the plaintiff claims the right to rescind for fraud.

In Bankruptcy. On motion for reargument.

Abraham A. Joseph, for the motion.
Abraham I. Spiro, opposed.

HOLT, District Judge. This is a motion for a reargument of a motion to compel the replevying creditors and a city marshal (Samuel I. Abramson) to turn over to the receiver property taken by them in a replevin action. The affidavits on this motion, which are uncontradicted, show that a petition in involuntary bankruptcy was filed against the bankrupts at 2:10 p. m. on October 30, 1903. About the same time that afternoon, the marshal, Abramson, appeared at the store of the bankrupts with writs of replevin in two suits brought against the bankrupts in the municipal court of the city of New York for the Second District. The limit of jurisdiction of that court in such suits is stated to be $500. The marshal, under these writs, that afternoon, after he had been notified that the petition in bankruptcy had been filed, and an application made to this court for the appointment of a receiver, took and removed goods from the premises of the bankrupts of the value of about $3,000. The goods named in the requisitions were piece goods. The goods taken by the marshal were manufactured garments, constituting substantially all the made-up garments in the bankrupts' place of business. Neither the cloth nor the lining of any of these garments was made out of material described in the requisition, or which had ever belonged to the plain-

tiffs or their assignors. An injunction was thereafter issued by this court, restraining the marshal from parting with these goods. A motion was then made to direct the marshal to deliver said property to the receiver, which was granted; and this motion for a reargument is made on the ground that the replevin took place before the adjudication in bankruptcy, that the property is therefore in the possession of the state court, and that therefore this court has no jurisdiction to direct the delivery of these goods to the receiver.

When any claim adverse to the bankrupt's estate is asserted by any person, a court of bankruptcy has power to ascertain whether such a claim had an actual basis, or was simply colorable or pretended, at the time of the filing of the petition. The court is bound to enter upon that inquiry, and in doing so acts within its jurisdiction. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. On the facts in this case, as they appear in the papers, the adverse claim is hardly even colorable. The marshal had no more right or jurisdiction, under the process in his hands, to take the property which he took, than to take any property anywhere. The seizure was an abuse of process, and each of the parties concerned in the seizure of the goods, who, knowing all the facts, willfully and intentionally took part in such proceedings, was guilty of larceny. I, of course, have not formed, and do not express, any opinion as to the guilt of the persons concerned in these proceedings, as there may be facts not stated in these papers which would lead to their exculpation; but I can only act upon the papers presented, and upon those papers I entertain no doubt that this court has the right, and that it is its duty, to direct this marshal to deliver the possession of this property to the receiver.

Moreover, in this case, in my opinion, no question can arise which is based on the theory that the state court first obtained jurisdiction. The petition in bankruptcy was filed in this court and notice of it was given to the marshal about the time that the marshal arrived at the bankrupts' store, and before the goods were actually seized and taken away. Under the present bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3428]), as under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), the filing of a petition in bankruptcy is a caveat to all the world, and in effect an attachment and injunction. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. And I think that, when a petition is filed before a state court acts, the state court cannot by any subsequent action claim to have first taken possession of the res. The fact that the bankruptcy court may not have yet made an adjudication, and that no receiver or trustee has yet been appointed, in my opinion, is immaterial. The bankrupt's property is within the jurisdiction of the bankruptcy court as soon as the petition is filed, so far as to prevent a state court which subsequently seizes the property from being held to have first obtained exclusive jurisdiction.

These considerations make it unnecessary at this time to consider the question whether a court of bankruptcy is powerless to restrain a marshal who has seized goods in the possession of the bankrupt, under a requisition in replevin, before the bankruptcy.

There are various weighty authorities to the effect that, when property has been taken in replevin actions before bankruptcy, the general rule applies that, when two courts have concurrent jurisdiction, the one which first takes property into its custody has exclusive jurisdiction to determine its ownership. In none of the opinions which have been called to my attention is there any discussion of the question whether section 67f of the bankrupt act (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) applies to replevins. That section provides that:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, * * * and the court may order such conveyance as shall be necessary to carry the purposes of this section into effect."

This section is new and drastic. It makes all seizures under legal process, other than in replevin suits, of property in the possession of an insolvent, within four months of his bankruptcy, null and void, and authorizes the court to summarily order such conveyance as shall be necessary to carry the purpose of the section into effect. Re Kenney, 105 Fed. 897, 45 C. C. A. 113. The strict meaning of the word "levy" is usually a seizure of the defendant's property, but it does not seem to me a strained construction to hold, in view of the general purpose of this section, that it includes any seizure of property in the bankrupt's possession which he claims to own. If the language of section 67f is not comprehensive enough to cover a suit in replevin to recover property sold and delivered on credit, under a contract which the plaintiff claims a right to rescind for fraud, and a court of bankruptcy has no right to interfere for the protection of general creditors in this class of cases, very grave injustice may result. Such suits are often brought in courts of inferior jurisdiction; the writs are executed by a class of officers, some of whom are not men of high character; the claims of fraud on which most of them are based may be exaggerated or false; goods not mentioned in the writ, or excessive in amount, may be removed; and such suits may be brought collusively to assist the bankrupt in concealing property. Probably more wrong to honest creditors is perpetrated in New York at the present time by the machinery of replevin suits than in any other manner, and, if a court of bankruptcy has no power to prevent such wrongs when they are attempted, the bankrupt act is seriously defective. But as already stated, it is unnecessary to pass upon this question on this motion. I simply think it proper to say that when the question does properly arise it will be necessary to carefully consider whether Congress did not intend, by section 67f, to make null and void all seizures by legal process of property in the possession of an insolvent, made within four months of bankruptcy.

The motion for a reargument is denied.