## In re WEITZEL.

### (District Court, E. D. New York. November 1, 1911.)

BANKRUPTCY (§ 196*)—PROPERTY PASSING TO TRUSTEE—SALE OF PROPERTY ON
EXECUTION.

The provision of Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565
(U. S. Comp. St. 1901, p. 3450), that an adjudication shall render void all
judgments and other liens obtained through legal proceedings against the
bankrupt within four months prior to the filing of the petition, "and the
property affected by the levy, judgment, attachment or other lien shall
be deemed wholly discharged from the same and shall pass to the trustee
as a part of the estate of the bankrupt," does not give an adjudication
the effect of restoring to the estate title to property which has been sold
under ·an execution issued on a judgment obtained within the four
months, where it has been delivered to the purchaser, and the proceeds
applied in discharge of the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 196.*]

In the matter of Henry Weitzel, alleged bankrupt. On petition to
reclaim property from the trustee. Petition granted.

Charles Jaffa, for claimant.
Maerkle & Maerkle, for petitioning creditors.

CHATFIELD, District Judge. Certain property of the bankrupt
was seized by a city marshal under execution issued upon judgments
obtained by a creditor who was also the holder of a chattel mortgage
which had not been recorded nor refiled at the expiration of the year.

Pending a sale upon this execution, another creditor applied to the
state court and secured an order forbidding the sale of the chattels
levied upon, in so far as any lien dependent upon the chattel mortgage
was concerned. But the marshal, adjourning the sale for a few hours,
and then from day to day, did sell the property under the execution,
and delivered that property to the judgment creditor, who bought it
in, crediting him for the amount of his bid upon the execution, which
was duly returned into the proper court. Immediately after this sale,
a receiver in bankruptcy was appointed upon a petition which was
filed but a few hours after the sale took place. Under these circum-
stances several questions have arisen.

The invalidity of the chattel mortgage under the present statute of
New York is plain, and the creditors in bankruptcy could attack the
lien of that mortgage, if this question had not been already determined
by the state court. The sale under the execution may have been in-
valid, but, so far as the record shows upon this motion, the title con-
veyed by the marshal would seem to be good. It is alleged that an
adjournment has to be advertised for the same length of time as the
original sale, but this does not seem to be borne out· by the author-
ities.

The most serious objection is urged by the creditor upon the
strength of the decision of In re Kenney, 105 Fed. 897, 45 C. C. A.
113, in which the Circuit Court of Appeals for this circuit decided that,
under section 67f of the bankruptcy law, a judgment obtained within

four months prior to the filing of the petition was made null and void by the adjudication in bankruptcy, and hence that money held by a judgment creditor as the proceeds of the sale under execution could be taken by the trustee as the property of the bankrupt, upon the theory that the right to the money had been destroyed by rendering the judgment and lien null and void. Upon appeal to the Supreme Court of the United States, this decision was affirmed in Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, upon a statement of facts by the Supreme Court showing that the sheriff in the case in question had the proceeds of the sale still in his hands. In other words, that the situation was yet in such a condition as would be covered by the word "levy" or "lien." The Supreme Court expressly avoids deciding whether the bankruptcy proceedings could affect a judgment and execution if payment had been made to the execution creditor, and that is the question we have in the present case.

Inasmuch as payment of the judgment to the creditor as a return by the sheriff wipes out the lien, and as the judgment itself, to the extent of the execution levy, is vacated by payment so that it no longer exists, it is difficult to see how the provision of section 67f of the bankruptcy statute, deeming any judgment null and void which has been obtained within four months, could operate to the extent of requiring a repayment of the money. The language of the section covers the discharge and release of property affected by any such judgment; that is, it vacates the lien which has been created, but it cannot restore and then vacate a judgment or lien that no longer exists. Payment or satisfaction of a judgment wipes out the judgment, and, even if that judgment should thereafter be declared to have been null and void, the remedy would be for money had and received, and relief would have to be granted in some other form than the relinquishment of a lien which no longer was outstanding against either property or proceeds.

In the present instance, therefore, the creditor who purchased the goods was in the position of a bona fide holder for value of the goods themselves. To that extent, he was entitled to hold the proceeds as satisfaction of his judgment, and the estate in bankruptcy would either have to deal with him through section 60 of the bankruptcy law, relating to preferential transfers, or attack the transaction for fraud and collusion, if they are entitled to such relief. Under these circumstances, the receiver has no right to hold possession of the property against the judgment creditor, and the expense of his occupation must be paid by the petitioning creditors who gave the bond therefor.

Under the form of the restraining order issued by the state court forbidding the sale, and having in view the circumstances under which the judgment creditor took possession of the property, there seems to have been sufficient justification for the receiver in bankruptcy to have demanded and taken possession of the goods as the property of the bankrupt, but, it appearing that the claim of the bankrupt estate to either the goods or the proceeds cannot be substantiated, the possession by the receiver should be given up, and he should account to the purchaser for what he received.