WILSON v. VAN BUREN COUNTY FARMERS' MUTUAL FIRE INSURANCE CO.

1. BANKRUPTCY—JUDGMENTS—GARNISHMENT—INSURANCE.

Under subdivision f, § 67 of the bankruptcy law, providing that all levies, judgments, attachments, etc., against the insolvent, obtained within four months before the petition in bankruptcy was filed, shall be deemed null and void in case he is adjudged a bankrupt, judgment in garnishment obtained by one of the creditors of a bankrupt against a mutual insurance association in which the insolvent had insured her goods, became void and inoperative when the trustee in bankruptcy, who had commenced an action within four months.from the date of the institution of garnishment proceedings for the recovery of the fund, obtained a judgment affirming his right to the insurance due to the bankrupt.

2. SAME—EVIDENCE OF APPOINTMENT—WAIVER.

Where defendant, in an action by a trustee in bankruptcy, proceeded to a trial in the court below upon the assumption that the plaintiff was in fact the lawful trustee and his verified petition setting up the fact of his appointment as trustee was offered in evidence, no claim being made upon motion for directed verdict that the proof was inadequate, it was unnecessary to show by additional evidence the appointment of plaintiff.

3. SAME—LACHES.

Held, also, that the trustee acted with reasonable diligence after making application for an order in the district court for the eastern district of Michigan compelling the defendant insurance company to pay over the money to him as trustee, and obtaining a temporary injunction to restrain defendants from turning over the fund to plaintiff in garnishment, in commencing action promptly after dissolution of the restraining order.

Error to Van Buren; Des Voignes, J. Submitted January 19, 1915. (Docket No. 8.) Decided March 17, 1915.

Assumpsit by Harry Wilson, as trustee in bankruptcy of Elizabeth A. Humphrey, against the Van Buren County Farmers' Mutual Fire Insurance Company to recover insurance on the goods of said bankrupt. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*A. Lynn Free,* for appellant.

*Glenn E. Warner,* for appellee.

BROOKE, C. J. In this suit the trustee in bankruptcy seeks to recover possession of a certain fund in the hands of the defendant, which is the property of Elizabeth A. Humphrey. The said Elizabeth A. Humphrey was possessed of certain goods and chattels covered by a fire insurance policy issued by the defendant company. On October 13, 1910, these goods were partially destroyed by fire. On the following day, October 14, 1910, Elizabeth A. Humphrey assigned the insurance money to become due under said policy to one Thomas J. Cavanaugh, as trustee for certain creditors. On October 15, 1910, Alice Brown commenced a suit at law against the said Elizabeth A. Humphrey, and on October 17, 1910, served a writ of garnishment upon the defendant company. On December 10, 1910, the loss was adjusted at the sum of $675, and on February 5, 1912, the defendant insurance company filed a disclosure in the garnishment proceedings showing an indebtedness to Elizabeth A. Humphrey in that amount. On January 30, 1912, Alice Brown secured a judgment against Elizabeth A. Humphrey in the sum of $820.53. In the garnishment proceeding Thomas J. Cavanaugh was impleaded, and claimed the fund under his assignment bearing date October 14, 1910. Such proceedings were had therein that it was determined that he was entitled under said assignment to the sum of $178.80 and costs taxed at

$30.20. A judgment was entered in his favor for this amount on November 14, 1912. Deducting this sum from $675, the amount shown by the disclosure of defendant to be due Elizabeth A. Humphrey, left $466, for which amount judgment was rendered in favor of Alice Brown on February 7, 1913.

Elizabeth A. Humphrey was adjudged a bankrupt on February 16, 1911. This adjudication occurred two days more than four months after her assignment of the insurance money to Thomas J. Cavanaugh, and one day less than four months after the service of the writ of garnishment by Alice Brown upon the defendant company. The plaintiff, as trustee in bankruptcy, claims to be entitled to the sum of $466, for the reason that the lien of Alice Brown as fixed by the service of the writ of garnishment on October 17, 1910, was so fixed within four months of the adjudication of bankruptcy against Elizabeth A. Humphrey. Subdivision "*f*" of section 67 of the bankruptcy act provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other liens shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc.

This section of the statute has been construed in many cases, and has been given effect according to its tenor. *In re Kenney*, 105 Fed. 897 (45 C. C. A. 113) ; *In re Lesser* (D. C.), 108 Fed. 201; *In re McCartney* (D. C.), 109 Fed. 621; and *In re Beals* (D. C.), 116 Fed. 530.

At the conclusion of the introduction of evidence both parties moved for a directed verdict. The mo-

tion made on behalf of the defendant was granted by
the learned trial judge upon the ground principally
that the plaintiff had been guilty of laches in not hav-
ing secured the right to intervene in the case of *Alice
Brown* v. *Elizabeth A. Humphrey,* and by such failure
permitting a judgment to go in favor of Alice Brown
and against the defendant company for the sum of
$466. While it is doubtless proper for a trustee in
bankruptcy to act with diligence lest the rights of
parties may be changed, we are unable to see how the
delay in the present instance worked any harm to
Alice Brown. The application of the trustee in the
district court for the western district of Michigan for
an order compelling the insurance company to pay
over the money to him as trustee was made prior to
the rendition of said judgment in the circuit court in
favor of Alice Brown, and a temporary injunction
was issued on said application on the 6th of Decem-
ber, 1912, preventing the defendant from turning over
said fund. This injunction was dissolved on February
25, 1913, whereupon, as was intimated to the trustee
by the referee in bankruptcy in his order dissolving
the injunction, the trustee secured authority to bring
this suit. We are of opinion that it cannot be said
that the trustee did not act with reasonable diligence
in the premises.

In this court it is contended on behalf of the de-
fendant that there was no adequate proof of the fact
that the plaintiff is trustee of the estate of Elizabeth
A. Humphrey, and many cases are cited to the effect
that such proof is necessary. A sufficient answer to
this proposition is found in the fact that the case pro-
ceeded to trial in the court below upon the assumption
that the plaintiff was, in fact, the trustee of Elizabeth
A. Humphrey, as he claimed. Exhibit B introduced
in evidence is his verified petition filed in the district
court for the western district of Michigan, in which

there is set up the fact of his appointment. Further than this, although a motion was made for a directed verdict on behalf of the defendant for several reasons, no claim was made by the attorney for the defendant that proof upon this point was lacking or insufficient.

It is urged on behalf of counsel for defendant that to permit a recovery by the plaintiff in this case would result in two judgments against the defendant for the same sum. This view we think untenable, for the reason that a judgment in the case at bar against the defendant can only be predicated upon the fact that the Federal statute above quoted makes absolutely null and void all levies, judgments, etc., obtained through legal proceedings within four months prior to the filing of the petition in bankruptcy. It follows, of course, that the entry of judgment in favor of the plaintiff in this suit operates as a vacation of the prior judgment against the same defendant for the same fund in favor of Alice Brown.

We are of opinion that the learned trial judge was in error in directing a verdict in favor of defendant, and that he should have directed in favor of plaintiff.

The judgment is reversed, and a new trial ordered.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.