HARRY MACK *vs.* THE RELIANCE INSURANCE COMPANY.

JUNE 27, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action on the case brought under the provisions of Section 20, Chapter 351, General Laws 1923. The action being at issue on its merits, the parties filed an agreed statement of facts and the case is in this court on certification as provided by Section 4, Chapter 348, General Laws 1923.

The facts agreed upon are substantially as follows: Plaintiff by writ of attachment dated January 30, 1931, commenced an action in assumpsit against Isaac Kibrik. A copy of the writ was served on the defendant in the present action for the purpose of garnisheeing property of said Kibrik in its hands and possession. Defendant did not file a garnishee's affidavit and was charged as garnishee for the full amount of the judgment obtained by the plaintiff

against said Kibrik. Said Kibrik was, from the period beginning on or about January 1, 1931, until May 4 of the same year, insolvent. April 17, 1931, an involuntary petition in bankruptcy in the United States District Court for the District of Rhode Island was filed against him and on May 4 of that year he was adjudged a bankrupt. After adjudication in bankruptcy, the defendant paid over to the receiver in bankruptcy all of the funds in its hands formerly belonging to the bankrupt. The plaintiff filed his claim against said Kibrik and received a dividend of $221.65 on his claim from the trustee in bankruptcy.

The plaintiff contends that as the defendant was charged as garnishee and as no action was taken by it or by the receiver or trustee in bankruptcy to modify said order, the defendant remains liable notwithstanding the bankruptcy proceedings.

In matters of bankruptcy the federal statutes are supreme. *Mauran* v. *Crown Carpet Lining Co.,* 23 R. I. 344. The plaintiff's contention is disposed of by Section 67, subdivision f of the Bankrupt Act of 1898. 30 S. A. T. 544, (title 11, Section 107, subdivision f, U. S. Code) which reads as follows: "That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other liens shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt. . . . "

This provision of the Bankrupt Act has been construed by the United States Supreme Court in *Clark* v. *Larremore,* 188 U. S. 486, as making liens obtained through judicial proceedings null and void from their inception if obtained within four months prior to the initiation of bankruptcy proceedings.

The rights of a creditor under the garnishment proceedings are not different from those of a creditor under direct attachment. *In re Ransford,* 194 Fed. 658. By virtue of the above provisions of the Bankrupt Act both are null and void and the title to property attached passes to the trustee.

The plaintiff contends that the defendant is liable under Section 20, Chapter 351, G. L. 1923, for failure to file an affidavit as to the property in its possession belonging to the defendant in the original action. By the agreed statement of facts, the present defendant had ample funds in its hands to satisfy any judgment the plaintiff could obtain in the original suit. The situation would not be materially different if an affidavit to that effect had been filed. In either event the defendant is liable under the statute to pay the plaintiff's judgment and the proceeding is the same in each case to compel payment. But the Bankrupt Act by making the attachment null and void shifts the obligation of the defendant to the trustee in bankruptcy in place of the attaching creditor. By vesting in the trustee the title to the property in its hands, the defendant by law is deprived of the funds which otherwise it could have applied to the discharge of its obligation to the plaintiff. To hold otherwise and make the defendant liable in the present action would be to construe Section 20 as a penal statute and we do not think it susceptible to such construction. It was intended to compel the disclosure of assets of a debtor to an attaching creditor and to impose an obligation to pay the judgment of such attaching creditor in fault of such disclosure. It is the better practice to file a garnishee's affidavit in all cases irrespective of the amount that may be in the hands of the garnishee. The statute contemplates that such a return shall be made and by complying with its terms the garnishee will avoid legal complications, of which the present case is an instance, which may follow his failure to comply with the statute.

When, as in the present case, the assets, which by agreed statement of facts were in the possession of the defendant,

have been taken by operation of law from the defendant and vested in the trustee in bankruptcy, it would be a harsh and unwarranted construction of the statute to subject the defendant to double liability for his failure to file an affidavit. Were it not for the interposition of bankruptcy proceedings, the result to the plaintiff would have been the same as though the affidavit had been made.

For the foregoing reasons, our decision is that the plaintiff cannot recover in the present action and that judgment must be entered for the defendant.

The papers in the case with the decision of this court certified thereon are ordered sent back to the District Court of the Twelfth Judicial District with direction to enter final judgment for defendant for costs upon said decision.

*Higgins & Yaraus,* for plaintiff.

*Rosenfeld & Hagan, C. Bird Keach, John G. Murphy,* for defendant.