In the Matter of **BARRY INDUS-TRIES, Inc., Bankrupt.**

No. 35357.

United States District Court,
E. D. Michigan, S. D.

Jan. 21, 1955.

Walter I. McKenzie, Detroit, Mich., Rottman, Siegel & Sugar, Detroit, Mich., for petitioner.

Beaumont, Smith & Harris, Detroit, Mich., for A. O. Smith Corp.

PICARD, District Judge.

Petition for review of an order by the Referee in Bankruptcy enjoining petitioner's action in state court against garnishee defendant who failed to file a disclosure as required by Michigan's garnishment statute. M.S.A. § 27.1859, Comp.Laws 1948 Mich. § 628.5

### Findings of Fact

The bankrupt, Barry Industries, was indebted to petitioner Milan and Louis Brenz, d/b/a Active Welding & Fabricating Co., in the sum of $1,430 and on October 26, 1953, Active instituted suit in Wayne County Circuit Court for its collection. At that point the A. O. Smith Corporation, a New York institution, owed bankrupt $4,533.63.

On October 27, 1953, petitioner caused garnishment writ to issue naming A. O. Smith Corporation, garnishee defendant. The following day an involuntary petition in bankruptcy was filed against Barry Industries and order of adjudication made thereon was entered December 15, 1953. March 11, 1954 the trustee was elected and qualified.

On July 12, 1954 the trustee petitioned the Referee in Bankruptcy for injunction, turnover order, and temporary restraining order asking restraint of prosecution of Active's garnishment proceeding pending in the state court, and an order to show cause against A. O. Smith Corporation and Active Welding was entered. On August 31, 1954, hearing on the order to show cause was held and on September 3, 1954 order issued which required A. O. Smith Corporation to surrender all money it owed the bankrupt to its trustee and permanently enjoined prosecution of the garnishment proceedings in the state court by Active Welding against A. O. Smith for failure to file disclosure. Nevertheless, on September, 27, 1954, petitioner filed a motion for summary judgment in the state court on the ground that A. O. Smith had failed to make a disclosure in the state court action as to how much, if anything, it owed bankrupt.

At this time petitioner well knew the answer to this question and that A. O. Smith had been ordered to pay the money it owed bankrupt to the bankrupt's trustee.

On September 13, 1954, petitioner asked review by this court of so much of referee's order as permanently enjoined prosecution of the garnishment proceedings for failure to file disclosure and on September 30, 1954, the trustee filed a petition for an order to show cause why petitioner should not be held in contempt for failure to abide by the order of September 3, 1954 above cited.

This matter is still pending.

Petitioner does not contend that it is entitled to the money owed the trustee by A. O. Smith nor does it seek to continue the action to attain that end. It is its claim that failure to make disclosure in garnishment proceedings per se makes garnishee defendant liable to petitioner as plaintiff, in the amount of principal defendant's indebtedness. This is true it contends without regard to any defense that garnishee defendant might have interposed in disclosure if one had been made. It is a fact also that the referee determined affirmatively that the bankrupt was insolvent on the day suit was started by the petitioner in the circuit court.

### Conclusions of Law

This court is not convinced that petitioner is interested in establishing a precedent to guide future students along the legalistic highway of statutory procedure. It appears to this court that there is no such altruistic motive. Petitioner is a creditor of the bankrupt and started suit by garnishment just one day before the bankrupt was thrown into involuntary bankruptcy. Technically the garnishee defendant, A. O. Smith Corporation, should have made a disclosure to the Circuit Court. But if it had, it would not have aided the interests of petitioner here one iota. Under the law the Bankruptcy Court was obligated to take over all assets of the bankrupt estate even extending to any preferential treatment obtained by any creditor for a period of four months previous. Section 67, sub. a(1), Bankruptcy Act, Title 11 U.S.C.A. § 107, sub. a(1), recites in part, as follows:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *."

Now the petitioner is not satisfied to get its share of the bankrupt's estate, but on a technicality, at the most, it desires aid of this court to compel the A. O. Smith Corporation (which has already paid in over $4,000 for the benefit of bankrupt's creditors) to pay petitioner in full. That is the sum total of this case. The inequities are apparent and the Referee in Bankruptcy following the law, refused to be a party thereto.

Section 67, sub. a(4) of the Bankruptcy Act, Title 11 U.S.C.A. § 107, provides:

"The court shall have summary jurisdiction of any proceeding by the trustee or debtor, as the case may be, to hear and determine the rights of *any parties* under this subdivision [a]." (Emphasis ours.)

Several courts have interpreted the sections so quoted including our own Sixth Circuit Court of Appeals. In re Ransford, 6 Cir., 194 F. 658, In re Kenney, 2 Cir., 105 F. 897, In re Cox Baking Co., Inc., 2 Cir., 77 F.2d 294, In re Boylan, D.C., 65 F.Supp. 105, Mack v. Reliance Ins. Co., 52 R.I. 402, 161 A. 134.

In the case at bar, the petitioner has never obtained a judgment and really took no further action after starting suit until September 7, 1954, when, contrary to the restraining order of the Referee in Bankruptcy, it filed a motion for summary judgment in the state court.

Even if the judgment had been obtained it would have been null and void along with the garnishment lien. Wilson v. Farmers Mutual Fire Ins. Co., 184 Mich. 530, 151 N.W. 752.

Section 67, sub. a(4) of the Bankruptcy Act gives the Referee summary jurisdiction and not only is it fair and equitable that this be so, but if any other rule were to prevail the door would be open not only to pressure but possible connivance. That, of course, can't be the case here because petitioner wants one of bankrupt's debtors to pay its bill twice. Even the citation referred to by petitioner, Morris Plan Bank of Georgia v. Simmons, 201 Ga. 157, 39 S.E.2d 166, as authority in its behalf, indicates that if the bankruptcy court had taken certain steps then that court would have held differently. Here the bankruptcy court did take the steps that were necessary.

This court refuses to disturb the conclusions reached by the Referee in Bankruptcy and his order is affirmed.