In re FRANKS.

Ex parte SHARPE.

(District Court, S. D. Alabama. July 15, 1899.)

1. BANKRUPTCY—ASSETS OF ESTATE—PROCEEDS OF ATTACHMENT.

Where a petition in bankruptcy is filed against an insolvent debtor within four months after the levy of an attachment on his property, and he is adjudged bankrupt, and the attachment is thereby dissolved, but in the meantime the sheriff, under the attachment, has sold the property to a bona fide purchaser for value, and collected the proceeds, such proceeds constitute a part of the estate in bankruptcy, and must be recovered by the trustee when appointed.

2. SAME—JURISDICTION—MONEY IN SHERIFF'S HANDS.

A court of bankruptcy has no jurisdiction, on a summary petition by a trustee in bankruptcy, to order a sheriff to pay over to such trustee money remaining in his hands as the proceeds of a sale on attachment against the bankrupt, made prior to the filing of the petition in bankruptcy, although the attachment, being levied within four months before the institution of the bankruptcy proceedings, was dissolved by the adjudication therein. The trustee should apply for such an order to the state court from which the attachment issued, and, if refused, his remedy is to sue the sheriff for money had and received.

In Bankruptcy.

T. M. Stevens, for petitioner.

TOULMIN, District Judge. Under the provisions of the bankruptcy law, all levies, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt; but this provision shall not have the effect to destroy or impair the title obtained by such levy, attachment, or other lien of a bona fide

purchaser for value, who shall have acquired the same without notice or reasonable cause for inquiry. Bankruptcy Act 1898, § 67. The attachment mentioned in this petition was levied within four months prior to the filing of the petition in bankruptcy, and to the time said Franks was adjudged a bankrupt. The levy of the attachment, therefore, became null and void, and the property affected by it was wholly discharged and released, and passed to the trustee, the petitioner herein. The property, however, has passed into the hands of a third person under a sale by the sheriff, and it may be assumed that such person is a bona fide purchaser for value, and that the trustee cannot for that reason recover and reclaim it from him. But, whether this be so or not, the trustee has an equal right to claim and recover the proceeds of the sale. It appears that such proceeds are in the hands of the sheriff, and came into his hands prior to the filing of the petition in bankruptcy. The title to such proceeds passed by operation of law to the trustee as a part of the estate of the bankrupt, and it is his duty to recover the same for the benefit of the bankrupt's creditors.

The question here is whether this court has jurisdiction in this summary proceeding to order and compel the sheriff to pay over such proceeds to the trustee. My opinion is it has not. If the property had been in the possession of the bankrupt at the time the petitioner was appointed trustee, or at the time of the filing of the petition in bankruptcy, and the sheriff had then interfered and taken possession of it, this court would, by an order in the nature of a mandatory injunction, compel the restoration of the property or the proceeds of the sale thereof to the trustee. But that is not the case. The money came to the hands of the sheriff prior to the filing of the petition in bankruptcy, and by virtue of his office as sheriff of Marengo county, Ala., under legal process which issued out of the circuit court in and for said county. He is an officer of that court. He is not an officer of this court. If he were ordered by this court to pay over the money to the petitioner, he would doubtless refuse to do so, and would answer, as a justification for such refusal, that he held the money under legal process from the circuit court of Marengo county, and awaited its order in the premises. But suppose he made no such answer, but simply refused to obey the order of this court; has this court the authority to proceed against him as for a contempt? If not, what remedy may be invoked to compel a compliance with the order? If there is legal authority to make such order, there is a way to enforce it provided by the bankrupt law. But I do not think there is any legal authority for this court to make the order prayed for in a summary proceeding like this. In re Abraham (Cir. Ct. App. 5th Cir.) 93 Fed. 767.

My opinion is that the trustee should petition the said circuit court to order and direct the sheriff to pay over to him the money which the sheriff has in his hands under the process of that court, which, as a matter of law, belongs to the petitioner as trustee of the bankrupt's estate, and I direct the trustee to so petition said court. I doubt not that on its being made to appear to the court that the petitioner is the trustee of said estate, which is being adminis-

tered in this court, and that said money belonged to the bankrupt at the time the petition in bankruptcy was filed (and this, I take it, is not disputed), the court will direct the sheriff to pay over the money to the trustee as an officer of this court, which order will protect the sheriff in the premises. In re Price, 92 Fed. 987. This, I presume, the court will do as an act of judicial comity. If I am mistaken in this, the course for the trustee to pursue is to bring a suit against the sheriff for money had and received. Connor v. Long, 104 U. S. 228. I hope this course will not be necessary, as it would only incur delay and expense to the detriment of the bankrupt's creditors. The statement of the facts in the case of In re Francis-Valentine Co., 93 Fed. 953, is very meager, and from it I do not clearly understand the case there presented to the court. If, however, it is considered as like the one now under consideration, I respectfully differ in opinion with the learned judge who decided that case. The petition is denied.