188 U.S. 486 (1903)
CLARKE
v.
LARREMORE.
No. 51.
Supreme Court of United States.
Submitted December 15, 1902.
Decided February 23, 1903.
CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.
*487 Mr. S. Livingston Samuels for appellant.
Mr. Nelson S. Spencer for appellee.
MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.
The contention of the petitioner is that 
*488 "The sheriff having sold the goods levied on before the filing of the petition in bankruptcy, the proceeds of the sale were the property of the plaintiff in execution, and not of the bankrupt, at the time of the adjudication, and the trustee, therefore, has no title to the same."
This contention cannot be sustained. The judgment in favor of petitioner against Kenney was not like that in Metcalf v. Barker, 187 U.S. 165, one giving effect to a lien theretofore existing, but one which with the levy of an execution issued thereon created the lien; and as judgment, execution and levy were all within four months prior to the filing of the petition in bankruptcy, the lien created thereby became null and void on the adjudication of bankruptcy. This nullity and invalidity relate back to the time of the entry of the judgment and affect that and all subsequent proceedings. The language of the statute is not "when" but "in case he is adjudged a bankrupt," and the lien obtained through these legal proceedings was by the adjudication rendered null and void from its inception. Further, the statute provides that "the property affected by"  not the property subject to  the lien is wholly discharged and released therefrom. It is true that the stock and fixtures, the property originally belonging to the bankrupt, had been sold, but having, so far as the record shows, passed to a "bona fide purchaser for value," it remained by virtue of the last clause of the section the property of the purchaser, unaffected by the bankruptcy proceedings. But the money received by the sheriff took the place of that property.
It is said that that money was not the property of the bankrupt but of the creditor in the execution. Doubtless as between the judgment creditor and debtor, and while the execution remained in force, the money could not be considered the property of the debtor, and could not be appropriated to the payment of his debts as against the rights of the judgment creditor, but it had not become the property absolutely of the creditor. The writ of execution had not been fully executed. Its command to the sheriff was to seize the property of the judgment debtor, sell it and pay the proceeds over to the creditor. The time within which that was to be done had not elapsed, and *489 the execution was still in his hands not fully executed. The rights of the creditor were still subject to interception. Suppose, for instance, there being no bankruptcy proceedings, the judgment had been reversed by an appellate court and the mandate of reversal filed in the trial court, could it for a moment be claimed that, notwithstanding the reversal of the judgment the money in the hands of the sheriff belonged to the judgment creditor, and could be recovered by him, or that it was the duty of the sheriff to pay it to him? The purchaser at the sheriff's sale might keep possession of the property which he had purchased, but the money received as the proceeds of such sale would undoubtedly belong and be paid over to the judgment debtor. The bankruptcy proceedings operated in the same way. They took away the foundation upon which the rights of the creditor, obtained by judgment, execution, levy and sale, rested. The duty of the sheriff to pay the money over to the judgment creditor was gone and that money became the property of the bankrupt, and was subject to the control of his representative in bankruptcy.
It was held in Turner v. Fendall, 1 Cranch, 117, that money collected by a sheriff on an execution could not be levied upon under execution placed in his hands against the judgment creditor, and that the latter could maintain an action against the sheriff for a failure to pay the money thus collected. A similar ruling was made in New York, Baker v. Kenworthy, 41 N.Y. 215, in which it appeared that a sheriff had collected money on an execution in favor of one Brooks; that he returned the execution without paying the money to Brooks, but on the contrary levied upon it under an execution against Brooks, and it was held that such levy did not release him from liability to Brooks. It was said in the opinion (p. 216):
"The money paid into the hands of the sheriff on the execution in favor of Brooks did not become the property of Brooks until it had been paid over to him. Until that was done, the sheriff could not levy upon it by virtue of the execution against Brooks then in his hands."
The rule in that State in respect to a levy upon money in the hands of a sheriff may have been changed  at least *490 so far as an attachment is concerned. See Wehle v. Conner, 83 N.Y. 231.
In Nelson v. Kerr, 59 N.Y. 224, it is said: "The money collected by the sheriff belongs to the plaintiff." But in that case the execution had been returned, and yet the officer had not paid the money to the execution creditor. See also Kingston Bank v. Eltinge, 40 N.Y. 391.
In none of those cases had anything been done to affect the validity or force of the writ of execution. Whatever was done was done under a writ whose validity and potency were unchallenged and undisturbed, while here, before the writ of execution had been fully executed, its power was taken away. Its command had ceased to be obligatory upon the sheriff, and the execution creditor had no right to insist that the sheriff should further execute its commands.
A different question might have arisen if the writ had been fully executed by payment to the execution creditor. Whether the bankruptcy proceedings would then so far affect the judgment and execution, and that which was done under them, as to justify a recovery by the trustee in bankruptcy from the execution creditor, is a question not before us, and may depend on many other considerations. It is enough now to hold that the bankruptcy proceedings seized upon the writ of execution while it was still unexecuted and released the property which was held under it from the claim of the execution creditor.
The judgment of the Court of Appeals is
Affirmed.
MR. JUSTICE WHITE and MR. JUSTICE PECKHAM dissented.