## In re ANDRE.

(Circuit Court of Appeals, Second Circuit. January 18, 1905.)

### No. 93.

1. BANKRUPTCY—COURTS—PROPERTY OF BANKRUPT—ADVERSE CLAIMS.

Bankr. Act July 1, 1898, c. 541, § 2, cl. 3, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], authorizes courts of bankruptcy to appoint receivers on application of parties in interest, where absolutely necessary for the preservation of bankrupts' estates; section 23, as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 413], confers jurisdiction on such courts, without the consent of the defendant, in suits to recover property, where the bankrupt has within a specified time made a preferential or fraudulent transfer of any of his property; and section 69 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) provides that a judge on proof that an alleged involuntary bankrupt has neglected or is about to so neglect his property that it has thereby deteriorated or is deteriorating, etc., shall issue a warrant to the marshal to seize and hold the same subject to further orders. *Held*, that such sections authorize courts in bankruptcy to interfere with property alleged to belong to an involuntary bankrupt only in cases where the property of the

bankrupt is in possession of a party not an adverse claimant, and do not authorize an order requiring a sheriff claiming property of an alleged bankrupt adversely under an attachment issued out of the state court to surrender the same.

**2. SAME.**
   The court of bankruptcy, under such sections, had jurisdiction to entertain the proceedings to ascertain whether the claimant was in fact an adverse claimant, or whether he held the property as bailee of the bankrupt.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

James W. Gerard, for petitioner.
William Lesser, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a petition to review an order of the District Court in bankruptcy requiring the sheriff of the county of New York to surrender property in his custody seized and held by him under a warrant of attachment issued by one of the state courts in an action brought by a creditor against the alleged bankrupt. The attachment was levied May 6, 1904. May 9, 1904, creditors of the alleged bankrupt filed a petition to have him adjudicated a bankrupt. Shortly thereafter the court, upon the application of the petitioning creditors, required the sheriff to show cause why he should not turn over the property seized by him to a receiver who had in the meantime been appointed in the bankruptcy proceedings. The sheriff appeared, insisted that the application should be made to the state court, and alleged that he had a lien upon the property for poundage. Thereupon the court made the order now under review.

The question whether the sheriff was entitled to the poundage claimed is subordinate to the more important one whether the court should have made the order by which before there had been any adjudication in bankruptcy the sheriff was required to assume the responsibility of releasing his levy upon the property. The attachment was process which the sheriff was bound to enforce for the benefit of the plaintiff in the action, and, though it would be dissolved in the event of an adjudication of bankruptcy, it was his right and his duty to retain the property until the attachment should be dissolved, and even then until by competent authority he should be required to surrender it. Representing the party who had obtained the attachment, and as an officer whose duty it was to hold and dispose of the property in obedience to the process, he was in possession under a title paramount and adverse to that of the alleged bankrupt; and he asserted his adverse title, upon the application to require him to surrender the property, by insisting that the application should be made to the court that had issued the process, and by setting up his own lien for poundage.

The authority for the jurisdiction which was exercised by the court below is found in those provisions of the bankrupt act which empower courts of bankruptcy, after the filing of a petition in bankruptcy, and in case it is necessary for the preservation of the property of the bank-

135 F.—47

rupt, to authorize a receiver or a marshal to take charge of it until a trustee is appointed. Section 2, cl. 3, § 69, of Act July 1, 1898, c. 541, 30 Stat. 545, 565 [U. S. Comp. St. 1901, pp. 3421, 3450]. These provisions do not in terms authorize the bankruptcy courts to take possession of property not belonging to the bankrupt, or property to which an adverse title is asserted by third persons. Prior to the decision in Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, it was supposed by some of the federal courts that, pursuant to the provisions of section 23 of the act (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), the bankruptcy courts had jurisdiction of all suits brought by trustees respecting property claimed to belong to the bankrupt's estate which was being administered by the trustee, and which the bankrupt had transferred in contravention of the act; and many of the courts which had adopted this construction of the section sanctioned the exercise by the bankruptcy courts of the power under sections 2 and 69 to take such property into its custody for the preservation of the estate pending the appointment of the trustee, notwithstanding it was in the possession of some third person claiming an adverse title to it. The Bardes Case decided that it was the intention of Congress manifested by section 23, "that controversies not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy, which assert a title to money or property as assets of the bankrupt, against strangers to those proceedings, should not come within the jurisdiction of the District Courts of the United States, 'unless by consent of the proposed defendant.'" If Congress did not intend these controversies to be adjudicated by the bankruptcy courts, it cannot be reasonably supposed that Congress intended to permit the bankruptcy courts to adjudicate controversies respecting the title to the bankrupt's property with adverse claimants before the appointment of a trustee, against the consent of the adverse claimant; and it would follow that the reasonable construction of the power conferred by section 2 and section 69 should be that it extends only to taking custody of property belonging to the bankrupt, or which is in his possession, or that of a third person as his bailee or agent, and not to property in the possession of an adverse claimant. This power must, of course, confer jurisdiction upon the bankruptcy court to ascertain whether the property is in the possession of the bankrupt, or his bailee or agent, or whether it is in the possession of an adverse claimant, and consequently to institute and entertain an appropriate proceeding for that purpose; and this proceeding must necessarily be a summary one, because, as no trustee has been appointed, there is no person to represent the estate as a party to a formal suit. Section 23 of the bankrupt act, as amended February 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 413], confers jurisdiction upon the District Courts, without the consent of the defendant, in suits for the recovery of property, where the bankrupt has within a specified time made a preferential or fraudulent transfer of any of his property. Subdivision "b" of section 60, and subdivision "e" of section 67, of Act July 1, 1898, c. 541, 30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3449]. This amendment, however, cannot affect the original meaning of sections 2 and 69, 30 Stat. 545, 565 [U. S. Comp. St. 1901, pp. 3421, 3450], and the

construction of these sections must remain as it was before. We conclude that it is only in cases in which the property of the bankrupt is in the possession of a party not an adverse claimant that the courts of bankruptcy have authority, under those sections, to interfere with it, unless the adverse claimant chooses to consent, but that these courts have jurisdiction to entertain proceedings to ascertain whether there is an adverse claimant, and that the mere refusal of a person in possession to surrender the property does not constitute him an adverse claimant. These conclusions are justified by the following authorities: Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183.

The sheriff having asserted an adverse claim, the application should have been denied, and without passing upon the merits of his claim for poundage.

It is accordingly so ordered, with costs of this review.

LACOMBE, Circuit Judge. I concur in the opinion reversing the order of the District Judge. The trustee relies mainly on a prior decision of this court in Re Kenney, 105 Fed. 897, 45 C. C. A. 113, which was affirmed by the Supreme Court under the title Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. The argument in the Kenney Case before this court was without briefs, and the precise point raised here is not discussed in the opinion. It was taken by certiorari to the Supreme Court, but in none of the four briefs there filed (two by each side) is there any discussion as to the jurisdiction of a bankruptcy court to make a summary order directing the transfer of property in the possession of a person holding an adverse claim.