## FARRELL *v.* W. B. LOCKETT & CO.

### *(Knoxville.* September Term, 1905.)

1. **VOLUNTARY BANKRUPTCY.** Liens obtained by legal proceedings within four months before, void.

   Sec. 67*f* of the federal bankruptcy act of 1898, providing that all levies, judgments, attachments, or other liens obtained through legal proceedings against an insolvent, within four months prior to the filing of a petition in bankruptcy against him, shall be null and void in case he is adjudged a bankrupt, applies to voluntary as well as involuntary petitions in bankruptcy.

   Act of congress cited and construed: July 1, 1898, ch. 541, sec. 67f; (30 Stat., 565) (U. S. Comp. St., 1901, p. 3450).

   Case cited and approved: In re Darwin, 117 Fed., 407, 54 C. C. A., 581.

2. **SAME.** Same. Trustee entitled to proceeds of attached property if still in hands of officer making sale.

   The trustee of a bankrupt is entitled to the proceeds of a sale of property of the bankrupt, had under attachment proceedings brought by a creditor of the bankrupt within four months next before the petition in bankruptcy is filed, less reasonable and necessary attorney's fees expended in its collection, if the proceeds of such sale are still in the hands of the sheriff, receiver, or other officer making the sale, at the time the petition is filed.

   Cases cited and approved: In re Kennedy, 95 Fed., 427; In re Frank, 95 Fed., 635; Clarke v. Larremore, 188 U. S., 488.

3. **SAME.** Attaching creditor can hold, if proceeds received by him before petition filed.

   But if such attaching creditor, in good faith and without collusion, succeeds in subjecting the property to the payment of his debt, and receives the proceeds of it before the petition is

Farrell v. Lockett & Co.

filed, and he is not asking to share in the assets of the debtor in the hands of the trustee, he cannot be compelled to surrender the advantage he has obtained.

Case cited and approved: Botts v. Hammond, 99 Fed., 916.

FROM McMINN.

Appeal from the Chancery Court of McMinn County. —T. M. M'CONNELL, Chancellor.

BURKETT, MANSFIELD & MILLER, for Farrell, Trustee.

ALLEN & IVINS, for W. B. Lockett & Co.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant brings this bill as trustee in bankruptcy of H. L. Ware, to recover from the defendants $141.46 which they had realized from a sale of the property of the bankrupt under legal proceedings begun and consummated within four months before the filing of the petition in bankruptcy.

Complainant charges in his bill that on January 3, 1905, W. B. Lockett & Co. brought a suit before a justice of the peace, against H. L. Ware, and caused an attachment to be issued and levied upon his personal property; that the case proceeded to judgment and the prop-

erty attached was sold and the proceeds thereof, after paying the costs of the case, $141.46, was paid over to the plaintiffs in that action.

It further charged that within four months after the levy of the attachment H. L. Ware filed a petition in voluntary bankruptcy, in which he scheduled debts amounting to $700, and assets amounting to $4, in the district court of the United States for the eastern district of Tennessee; that at a meeting of the creditors, complainant Farrell was appointed his trustee in bankruptcy, and was duly qualified and vested with all the duties and powers granted to trustees in such cases.

It is also charged that the said Ware was insolvent when said action was begun and attachment sued out and levied upon his property; that complainant made demand of the defendants for the money received by them, which was refused, and that he brings this bill to recover the same.

The answer admits the charges of facts contained in the bill, but denies that these facts entitle the complainant to any relief. The defendants further say in their answer that they expended the sum of $30 in the payment of attorney's fees in the action brought by them against H. L. Ware, and that if they are not entitled to retain all the money received by them in that case they should be allowed a credit for this sum as a necessary expense in collecting it.

The chancellor decreed against the defendants for $111.46, and interest, allowing them a credit for $30, on

account of attorney's fees paid by them. From this decree both complainant and defendants have appealed and assigned errors.

Complainant claims the money received by the defendants in their suit against Ware under section 67f of the federal bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat., 565 [U. S. Comp. St., 1901, p. 3450]), and the decision of the cause depends upon a construction of that section. It is as follows:

"That all levies, judgments, attachments, or other liens obtained through legal proceedings against a person, who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall on due notice order that the rights under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate, as aforesaid. And the court may order such conveyances as shall be necessary to carry the purposes of this section into effect, provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other levy of a bona fide purchaser for value, who shall have

acquired same without notice or reasonable cause for inquiry."

This section applies to voluntary as well as to an involuntary petition in bankruptcy. *In re Darwin,* 117 Fed., 407, 54 C. C. A., 581.

It has been held in several cases that the trustee of a bankrupt is entitled to the proceeds of a sale of the property of the bankrupt had under judgment, attachment, levy, or other lien obtained through legal proceedings against one who is insolvent within four months next before filing the petition in bankruptcy remaining at the time the petition was filed in the hands of the sheriff, receiver, or other officer making the sale. And, if the money realized by the defendants in their action against H. L. Ware had not been received by them when the latter filed his petition, they would be liable to the trustee for it, less their reasonable and necessary attorney's fees expended in its collection. *In re Kenney* (D. C.), 95 Fed., 427; *In re Frank* (D. C.), 95 Fed., 635; *Clarke* v. *Larremore,* 188 U. S., 488, 23 Sup. Ct., 363, 47 L. Ed., 555.

But we have been cited to no case in which it has been held that a trustee in bankruptcy can recover of a *bona fide* creditor of the bankrupt, although insolvent, money which he has received as a result of his diligence in prosecuting a legal proceeding against the debtor, although it was begun within four months next before the petition in bankruptcy was filed, where it was paid over to him by the officer before the filing of the petition. We

do not think that the section of the bankrupt law in-voked covers such a case. There is no levy, judgment, at-tachment, or other lien to be made void at the time the petition is filed. These proceedings have been con-cluded, and ended, and are no longer in existence, nor has the creditor the property of the bankrupt in his hands; that is in the possession of the *bona fide* purchaser who has a right to retain it. We think the lien contem-plated by the statute is one that is alive and yet existing. This is evident from the clause providing for the preser-vation of liens for the benefit of the estate. This section of the bankrupt law is exceedingly drastic, and we do not think it ought to be extended beyond its plain terms, and it would be necessary to do this in order to grant the complainant a decree in this case.

The case of *Botts* v. *Hammond,* decided by the circuit court of appeals for the fourth circuit, is somewhat analogous to this one. It was there held that where the proceeds of the property of an insolvent bankrupt sold under attachment and proceeding in the nature of a general creditors' bill were distributed among his credi-tors, the proceeding having been begun and the distri-bution made within four months next before the filing of the petition in bankruptcy, the trustee could not recover from the creditors the several sums received by them. *Botts* v. *Hammond,* 99 Fed., 916, 40 C. C. A., 179.

And in *Clarke* v. *Larremore,* supra, where it was held that the trustee in bankruptcy was entitled to the fund realized from a sale of the bankrupt's property yet re-

maining in the hands of the sheriff, it is said:

"A different question might have arisen if the writ had been fully executed by payment to the execution creditor. Whether the bankruptcy proceedings would then so far affect the judgment and execution, and that which was done under them, as to justify a recovery by the trustee in bankruptcy from the execution creditor is a question not before us, and may depend on many other considerations. It is enough now to hold that the bankruptcy proceedings seized upon the writ of execution while it was still unexecuted and released the property which was held under it from the claim of the execution creditor."

We think it is evident from this that the court was of opinion that in this character of cases a trustee in bankruptcy could not recover.

We are therefore of the opinion that where a creditor of an insolvent debtor in an action free from collusion succeeds in subjecting the property of his debtor to the payment of his debt, and receives the proceeds of it before the petition is filed, although his action was brought within four months of that time and is not asking to share in the assets of the debtor in the hands of the trustee, he cannot be compelled to surrender the advantage which he has obtained. We do not think that section 67f of the bankrupt law has any application to a case of this character.

The judgment of the chancellor is therefore reversed, and the bill of complainant dismissed, with costs.