In re ELLIS BROS. PRINTING CO.

(District Court, W. D. New York. October 3, 1907.)

No. 2,513.

1. BANKRUPTCY—ADVERSE CLAIMS—JURISDICTION OF BANKRUPTCY COURT.

The mere assertion of a claim of title to property adverse to a trustee in bankruptcy, even with an intention to protect it by the usual process of law, will not preclude the bankruptcy court from exercising its power to proceed summarily; but it is only when the evidence indicates that the asserted claim is not false or fraudulent that such court is deprived of jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 321–323.

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey. v. Mosher, 11 C. C. A. 313.]

2. SAME.

The claim of an attorney, who as such collected money for a bankrupt before the bankruptcy, of the right to retain such money and apply it on an indebtedness from the bankrupt to him, is not such an adverse claim of title as to deprive the bankruptcy court of jurisdiction to adjudicate such claim in a summary proceeding therefor by the trustee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 321–323.]

In Bankruptcy. On report of special master.

Joseph H. Morey, for trustee.

Eugene Warner and Charles W. Strong, for respondent.

HAZEL, District Judge. Upon the authorities cited in the report of the master the bankruptcy court has power to inquire into the facts for the purpose of determining whether any basis exists for the adverse claim of title to the property asserted by the respondent. The mere assertion of an adverse claim of title, even with an intention to protect it by the usual process of law, will not preclude the bankruptcy court from exercising its power to proceed summarily. In re Andre, 135 Fed. 736, 68 C. C. A. 374. It is only when the evidence indicates that the asserted claim is not false or fraudulent that the bankruptcy court is deprived of jurisdiction. If it should appear from the proofs that the respondent, Strong, refuses to surrender the money collected by him to the trustee simply on the ground that the title to the same is conclusively evidenced by his possession of it, or if the claim is unreal or colorable, then it is the duty of this court to direct its payment to the trustee. This principle of law is so clearly and definitely stated by the Supreme Court in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, that no other citations are thought necessary.

In the prior cases decided by this court, in passing upon the right to exercise summary jurisdiction, it was not intended to be understood as holding that, irrespective of whether the elicited facts were sufficient in law, the mere assertion of an adverse claim of title or ownership deprived the court of summary power. If the proofs show that in fact there is no legal basis for the asserted adverse claim, the summary power of the court is not defeated. In Re Andre, supra, the principal question in controversy, as I read the case, was whether before adjudication the sheriff should be required by the bankruptcy court to release his levy; he being an adverse claimant under an attachment and claiming that he had a lien upon the property levied upon for poundage. The court held that the sheriff had a right to retain the property, not only until the attachment was dissolved, but until he was required to surrender it by a court of competent jurisdiction.

The position of the respondent, as appears by his answer, is that he collected the money of the bankrupt as its attorney before the petition was filed, that such bankrupt was indebted to him for legal services, and that he had applied the amount collected upon such indebtedness and hence has actual title thereto. From the admitted facts I think the bankruptcy court has jurisdiction of the subject-matter, and the special master may make such rule or order touching the respondent's lien to the money in his hands as may be proper.

This being the ruling upon the first question discussed by counsel, it is unnecessary to decide the second point, namely, that the court has inherent power to control the action of its attorneys.