In re L. POPKIN & CO., Inc.

(District Court, S. D. New York. October, 1916.)

1. BANKRUPTCY ⬩116—CLAIMS—ADVERSE CLAIMS.

Where a sheriff has made a levy, and is in possession of property of an alleged bankrupt, he is, until adjudication, to be deemed an adverse claimant, and cannot be compelled, on motion, to deliver to a receiver possession of such property.

2. BANKRUPTCY ⬩116—CLAIMS—ADVERSE CLAIMS.

After adjudication in bankruptcy, a sheriff, who levied on property prior to bankruptcy, must, on motion, deliver possession to the receiver or trustee, on payment of his lawful fees.

In Bankruptcy. In the matter of the bankruptcy of L. Popkin & Co., Incorporated. On motion to compel sheriff to deliver possession of personal property. Motion denied.

George W. Olvany, of New York City, for sheriff.

Max Miller, of New York City, for receiver.

MAYER, District Judge. [1] This is a motion to compel the sheriff to deliver certain property to the receiver herein. The facts, briefly stated, are that the sheriff has made a levy and is in possession of the property of the alleged bankrupt under an execution on a state court judgment. The levy was made prior to the filing of the petition in bankruptcy and the appointment of the receiver in bankruptcy. As yet there has not been an adjudication in bankruptcy. It is well settled that prior to adjudication the sheriff under these circumstances is regarded as an adverse claimant, and cannot be compelled to deliver the possession of the property on which he has levied. Matter of Andre (C. C. A., 2d Cir.) 13 Am. Bankr. Rep. 132, 135 Fed. 736, 68 C. C. A. 374. See, also, In re W. J. Schmidt & Co. (C. C. A., 2d Cir.) 21 Am. Bankr. Rep. 593, 165 Fed. 1006, 91 C. C. A. 665.

[2] After adjudication the sheriff must deliver the property to the receiver or trustee in bankruptcy upon the payment to him of his lawful fees and poundage. Laws 1890, c. 523, § 17, subd. 2, as amended by Laws 1892, c. 418; In re W. J. Schmidt & Co. (C. C. A., 2d Cir.) 21 Am. Bankr. Rep. 593, 165 Fed. 1006, 91 C. C. A. 665. I have conferred with Mr. Olvany, counsel to the sheriff, with a view of having him co-operate with receivers, where the sheriff is in possession under a levy and there is no adjudication. Every effort should be made to keep the expense down as much as possible, and Mr. Olvany has been helpful to the court, and has stated that he will be very glad to co-operate in that regard.

It will be advisable for receivers to confer at once with the sheriff or his counsel, when they find a situation similar to that here presented.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes