## IN THE MATTER OF E. DEL PILAR HNOS, Bankrupts.

San Juan, Bankruptcy, No. 172.

ATTACHMENT LIEN BEFORE FOUR MONTHS.

Bankruptcy—Attachment—Priority.
> An attachment under the Porto Rican Law of March 1, 1902, To Secure the Effectiveness of Judgments, is not a vested lien subject to devestment, but is a lien which does not become vested until judgment and execution thereon, and therefore such an attachment issued more than four months prior to the bankruptcy, but on which judgment and execution were had within the four months, is rendered null and void by § 67 of the Bankruptcy Act.

Opinion filed November 21, 1916.

In the Matter of E. del Pilar Hnos.

*Mr. Harry F. Besosa* for trustee.

*Mr. H. G. Molina* for Yumet & Company.

HAMILTON, Judge, delivered the following opinion:

The consideration previously given this case brought us to the conclusion that an attachment lien in the United States is of substantially the same nature as the proceeding to secure the effectiveness of judgment under the Porto Rican Law of March 1, 1902. Compilation, page 849. See opinion in this case of May 12, 1916.

The question now comes up whether an attachment issued more than four months prior to the bankruptcy, upon which a judgment and execution followed within four months, gives a lien upon the property attached which will be respected under Bankruptcy Act, § 67f, which is as follows: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. . . ." 30 Stat. at L. 544, 565, chap. 541, Comp. Stat. 1916, §§ 9585, 9651.

There is no doubt that the attachment or embargo, being more than four months before the bankruptcy, is valid so far as it goes. The question is whether the judgment and levy which were within the four months are necessary to make up the lien

of the attachment. If not, the lien is upheld under the Bankruptcy Act; otherwise, the attachment lien is avoided by the Bankruptcy Law.

If there is a lien complete in itself, it is immaterial that it may be defeated by a subsequent adverse judgment. Thus, under equity practice the lien of a creditor's bill is complete,— is vested, so to speak, from the date of the filing of the bill; and the fact that the bill may not be proved and so decree may not be had will act to destroy the lien as created, but it will not destroy the fact that a lien was created. Thus, in Metcalf Bros. v. Barker, 187 U. S. 165, 47 L. ed. 122, 23 Sup. Ct. Rep. 67, where a judgment creditor's bill in equity was filed prior to four months before bankruptcy, it was held that the creditor thereby obtained a lien on specific assets, although the final judgment was not had until within the four months of bankruptcy.

It is true that if a lien is created, whether by statute or otherwise, and its original method of enforcement becomes impossible, a court of equity will use its own procedure in order to enforce the lien. This, however, is on the idea that a lien is vested, and should therefore be enforced.

The case at bar, however, is of a different character. Here, as in the Metcalf case, the inception of the lien was previous to four months of the bankruptcy, but the lien itself was of a different character. It was not a vested lien subject to devestment, but a lien which was not vested and would not become vested until judgment and execution thereon, which were within the four months of bankruptcy. An analogous point has been decided in Clarke v. Larremore, 188 U. S. 486, 47 L. ed. 555, 23 Sup. Ct. Rep. 363. There an attachment was levied in the

In the Matter of E. del Pilar Hnos.

state of New York, and, after judgment and sale under attachment but before the money was paid over to the judgment creditor, a petition in bankruptcy was filed against the judgment debtor. The question was presented whether the right of the judgment creditor under these proceedings was so complete that the money belonged to the judgment creditor, or, under § 67f, to the trustee in bankruptcy. In other words, did the money under those circumstances belong to the plaintiff or to the defendant? The supreme court held, affirming the judgment of the New York court of appeals, that the right of the attaching plaintiff did not become absolute, or vested as we have named it above, until the money was actually paid by the sheriff over to him. A man owns his property until it is taken away from him by due process of law, and that process is not complete until the sheriff has turned over the property or the proceeds, as the case may be, to the judgment creditor. The case here is even stronger, for the plaintiff had gone no further than incipient attachment. There had been no sale and the marshal had no money.

It follows, therefore, that Yumet & Company had not acquired a lien which will be protected within the meaning of § 67f of the Bankruptcy Act. The action of the referee must, therefore, be reversed, and it is so ordered.

The decision of the referee in regard to how Yumet & Company might bid becomes immaterial, and need not be discussed.