In re COWEN HOSIERY CO., Inc.

FOX et al. v. TAUBEL–SCOTT–KITZMILLER CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 18, 1922.)

No. 123.

1. Bankruptcy ⬢⟶228—Mode of review of order of referee held improper.

Orders of a referee are properly reviewable on petition for review under Bankruptcy Act, § 2(10), being Comp. St. § 9586, and an order of the court vacating an order of a referee requiring an execution creditor to show cause why a levy made under a judgment obtained within four months should not be held void under section 67f (section 9651) before any return had been made to such order, *held* not sanctioned by statute or rule and improper practice.

2. Bankruptcy ⬢⟶144, 210—Court has jurisdiction to determine validity of lien acquired by levy within four months.

Property in the hands of a sheriff at the time of adjudication, through a levy made under a judgment obtained against bankrupt within four months, remains the property of the bankrupt and passes into possession of the bankruptcy court subject only to the lien of the levy, and that court has jurisdiction to determine whether such lien is, or is not, one which is discharged by the adjudication under Bankruptcy Act, § 67f (Comp. St. § 9651).

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Cowen Hosiery Company, Inc., bankrupt. On petition of David J. Fox and others, trustees, to revise an order of the District Court obtained by the Taubel-Scott-Kitzmiller Company, Inc. Reversed.

The Cowen Company was adjudicated bankrupt upon its own petition on August 25, 1922. Within four months of that date the Taubel Company obtained a judgment against it, issued process to the sheriff of the county of New York, and levied upon certain goods of the Cowen Company on August 15th.

The sheriff's officers have ever since been in charge and custody of said goods and chattels on the bankrupt's premises. A trustee having been elected and qualified and the estate referred to a referee, that officer on September 15th

⬢⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

issued an order requiring the Taubel Company to show cause before him why the judgment above recited "and the levy upon the execution issued thereunder should not be deemed null and void and why the property affected by the levy and judgment, shall not * * * pass to the trustees as a part of the estate of the bankrupt."

This order was returnable September 18th. So far as this record shows, no proceedings were ever had under this order and before the referee, but a motion was made before the judge then holding the bankruptcy court to set aside the same, and on the 18th of September an order as entered by said judge directing that the referee's show cause order be "vacated and set aside on the ground that the referee in bankruptcy (is) without jurisdiction to make the same, inasmuch as the rights of said Taubel, etc., Company cannot be determined in a summary proceeding but only by a plenary suit instituted by the trustee against it." This is the order sought to be revised in the present proceeding. The court below filed no opinion, but by the order complained of further directed that all action by the Taubel Company or the sheriff under the execution aforesaid should be stayed until October 9th, within which time the trustees in bankruptcy must "commence a plenary suit" against the Taubel Company. The order also reserved a right in the bankruptcy court after the institution of said plenary suit to direct the sale of the property "free and clear of all liens and incumbrances" and for the retention by the sheriff of the amount so collected by him "in place and stead of said property * * * until the final determination of such plenary suit by a competent court of ultimate appeal." The trustees filed this petition to revise and obtained a stay pending this appeal.

Olcott, Bonynge, McManus & Ernst, of New York City (Irving L. Ernst, of New York City, of counsel), for trustees.

Herman Goldman, of New York City (Elkan Turk and Max A. Geller, both of New York City, and Harry G. Liese, of Brooklyn, N. Y., of counsel), for respondent.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The procedure below was indefensible. The proper referee instituted a proceeding which on its face was plainly within the jurisdiction of the court and of himself as an officer thereof. That jurisdiction was challenged without even responding to the referee's process, and by means of an order to show cause issued by the judge in charge of the bankruptcy court.

This method of defense is in itself undesirable because it converts what ought to be an orderly trial into a conflict of affidavits usually (as in this case) largely irrelevant.

Further the practice is not sanctioned by statute or rule. A referee's alleged errors are properly corrected by petition for review, which may be taken at any stage of the proceeding and cover both matters of fact and of law. Bankruptcy Act, § 2(10), being Comp. St. § 9586.

If this case had come up from the referee in the proper way, all the material facts would have appeared in that official's certificate or return, instead of in a sprawling mass of affidavits and a cross fire of show cause orders.

Procedure such as this has never been approved by this court. In re Wood, 278 Fed. 355, merely shows that such bad practice is not absolutely forbidden.

[2] The point in controversy, however, is plain. Taubel challenged the jurisdiction nominally of the referee, but really of the District Court, because he asserted that Cowen Company was solvent 10 days before it was adjudicated a bankrupt. Let it be assumed that the respondent (Taubel) alleged facts sufficient to show the assertion more than merely colorable; result is that he demanded a plenary suit within the rules recently restated in Re Marquette, 254 Fed. 419, 166 C. C. A. 51.

The contention therefore is that respondent (Taubel) is an adverse claimant. Authoritative definition of this phrase is found in Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, where it was held that if there be a claim of adverse title to property of the bankrupt based upon a transfer antedating the bankruptcy, a plenary suit must be brought in which the adverse claim of title can be tried and adjudicated.

But whatever rights respondent had grow out of the admitted fact of its being an execution creditor with levy made on the bankrupt's property, under the laws of New York. But even after such levy the bankrupt "remains the general owner of the property seized, and is entitled, by virtue of such ownership, to the benefit of its full value. * * * [The bankrupt] unquestionably has a right of action against any person unlawfully interfering with the property while in the possession of the sheriff. * * * This right of action is necessarily subordinate to the right of the sheriff to maintain an action to recover damages for a loss occasioned by an injury to his special interest in the property created by a levy and possession under legal process." Scott v. Morgan, 94 N. Y. 508, 515; and see Hotchkiss v. McVikar, 12 Johns (N. Y.) 403.

Thus respondent never had either title to or possession of the property levied on. The sheriff had possession and a lien, i. e., a qualified interest or title sufficient to maintain trover. The fact that the sheriff, if called into court, would undoubtedly call in the execution creditor to defend him, makes no difference in the legal position.

Doubtless also the sheriff had a personal or official lien for his fees, etc., but that claim must under existing state statutes be paid in any event; it has not been denied, nor doubted, and is immaterial to the present controversy.

Thus the real question was and is whether the sheriff could demand a plenary suit because the creditor who set him in motion alleged solvency in the bankrupt at date of levy.

Argument rests on Bankruptcy Act, § 67f (Comp. St. § 9651), in that "all levies, judgments," etc., "obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy," shall be avoided "in case he is adjudged a bankrupt."

We assume that the referee intended to try the question of solvency or insolvency at date of levy. He followed the practice in this circuit since Re Kenney (D. C.) 97 Fed. 554, affirmed 105 Fed. 897, 45 C. C. A. 113, and again as Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. Nor was the force of these decisions lessened by

Re Andre, 135 Fed. 736, 68 C. C. A. 374, the query in which case was whether before adjudication the lien of an attachment could be avoided. It is true in neither of these cases did the execution creditor raise the plea of his debtor's solvency; but in the Kenney Case the sheriff had before petition filed converted the seized goods into money, and that money he owed to the execution creditor. Any more complete title in an adverse claimant, within the ruling in the Babbitt decision, it is impossible to imagine (Re Ransford, 194 Fed. 658, 663, 115 C. C. A. 560, is in accord).

It has been held, however, that a claimant whose lien attaches within four months prior to the filing of the petition in bankruptcy, and "which is not conditioned by the insolvency of the debtor at the time such lien attached," is entitled to the trial of its claim in a plenary suit because such claim "is excluded from the provisions of section 67f." Martin v. Oliver, 260 Fed. 89, 94, 171 C. C. A. 125, 130. We cannot agree that even a plausible and more than colorable allegation of solvency excludes the whole inquiry from the provisions of section 67f. If such exclusion exists, an allegation by a judgment creditor that his lien was obtained more than four months before filing of petition would work the same result; and so would any other denial of the applicability of the section referred to.

The declared intent of this section is that the court shall take possession of the property of the bankrupt "discharged and released" from certain specified levies, liens, etc., unless it is proper to preserve the lien for the benefit of the estate. This result can only be reached by the practice long recognized in this jurisdiction.

Wherever the possession of property is in the trustee, i. e., in the court, any and all claimants thereto must come into the bankruptcy court to assert and maintain their alleged claims, liens, or rights to preference. Re Kellogg, 121 Fed. 333, 57 C. C. A. 547.

The principle of that rule applies here. The bankrupts were not divested of title by the levy; the goods remained the bankrupts' goods subject to a lien; and the personal or official claim of the sheriff was at all times dischargeable by payment of his fees. Thus the title to the goods which was the bankrupts' became the trustee's, and the possession of the trustee is the possession of the court; therefore the court had right to inquire whether the lien was or was not of the kind discharged by section 67f.

In effect this doctrine was recognized and applied by the court below and in the order complained of; for although it declined jurisdiction to inquire into the vital point of solvency, the court retained absolute control over the goods and over the sheriff, and in substance required the sheriff to sell if and when ordered by the bankruptcy court, to sell free of the lien which respondent asserted, and to hold the proceeds until a court of competent jurisdiction had established the applicability or nonapplicability of section 67f.

These directions were necessarily wrong unless the court through its trustee was entitled to the possession of the goods. It is only by reason of such possession that the court can sell discharged of liens.

We think the lower court was in possession; therefore it had a right

to sell free and clear of liens, but by exactly the same reasoning it was entitled to proceed and ascertain the status of the lien of the execution under Taubel Company's judgment.

Order reversed, with costs, and matter remanded for further proceedings not inconsistent with this opinion.