**HOROWITZ v. FREDERICK W. HUBER, Inc., et al.**

District Court, S. D. New York. October 2, 1929.

Brecher & Krulewitch, of New York City, for plaintiff.

Isador Goetz, of New York City, for defendant Frederick W. Huber, Inc.

HUTCHESON, District Judge. This is a suit by the trustee to recover of the defendant Huber the value of certain personal property sold under execution on a judgment obtained by the defendant within, four months of bankruptcy, defendant Schlessinger being then insolvent, and the defendant Huber having reasonable cause to believe that the enforcement of such judgment would effect a preference.

The property was sold on the execution to an innocent third person, and no attempt is made here to recover it.

The claim of the trustee is that, under section 60b of the Bankruptcy Act (11 USCA § 96(b) the judgment liens being voidable, and the property having passed beyond the reach of the trustee through an act of the defendant in enforcing the judgment, the trustee may recover from him the value of the property sold.

The defendant replies that, if liable at all, he can only be liable for the amount of the proceeds received by him from the marshal after deducting fees and disbursements, to wit, $77.38.

I think it entirely plain that the defendant's contention is correct.

If the defendant had purchased at his own execution sale, the case would be entirely different, for such purchase would not have operated to give him any title, and he would have held the property in the same case as though it had been transferred directly to him by the plaintiff. Grant v. National Bank (D. C.) 232 F. 202, is authority for this, but no more.

Since the sale did not so result, but, on the contrary, the title to the property passed by valid sale under section 67f of the Bankruptcy Act (11 USCA § 107(f) to the purchaser, the trustee has no interest in the property, nor can he hold the creditor liable for a result (the passing of the title to a third person) which the law in terms approves.

In such a case as this, the law, while discharging the property sold from both the lien of the creditor and the claim of the debtor, regards the proceeds of the property not as belonging to the creditor, but to the debtor, since the lien under which the sale was had, while valid as to the third party purchasing, is as to the creditor voidable at the instance of the trustee.

Such proceeds in the hands of the sheriff (Clarke v. Larremore, 188 U. S. 486, 23 S. Ct. 363, 47 L. Ed. 555) when not yet paid over, and in the hands of the creditor when payment has occurred (Golden Hill v. Logue [C. C. A.] 243 F. 342) remain the property of the debtor, and therefore of the trustee, and recoverable by him.

Let plaintiff then have a decree for the amount of the net proceeds, with interest on the same from the date of defendant's receipt thereof, and taxing all costs of this proceeding against defendant.