## Berkovitz v. Jacobson

*J. C. Bane, Thomas P. Nee* and *Stonecipher & Ralston*, for petitioner.

*August L. W. Sismondo*, contra.

Gibson, J., August 22, 1936.—On February 10, 1936, plaintiff entered judgment on a judgment note executed by Henry Jacobson and entered of record in this court, at no. 2, May term, 1936, d. s. b., for a debt of $500, payable one day after date, and providing for the confession of judgment for the sum, with costs of suit and attorney's commission of 10 percent for collection. August Sismondo, Esq., appeared as attorney for plaintiff, and on the same day, at the instance of said attorney, an execution was issued returnable to the first Monday of March 1936. The property of defendant was levied upon and sold on February 20, 1936, for the sum of $1100, which sum was paid to the sheriff of this county.

On February 27, 1936, in the District Court of the United States for the Western District of Pennsylvania, involuntary bankruptcy proceedings were instituted

against Henry Jacobson, which finally resulted in his being adjudged a bankrupt on March 18, 1936.

At the time the involuntary bankruptcy proceedings were begun, a restraining order was issued temporarily restraining the collection of the proceeds of the execution above mentioned, and, after hearing, a permanent injunction was issued. The funds remained in the hands of the sheriff for distribution. R. H. Coleman, who has been elected trustee of the estate of Henry Jacobson, presents his petition praying for an order directing the Sheriff of Washington County to make distribution of the funds to the said trustee of the bankrupt estate, and a rule has been issued on Arthur Berkovitz and his attorney, the sheriff having waived notice of the rule and agreeing to submit to the order of the court. August Sismondo, Esq., as attorney for plaintiff, Berkovitz, has made answer to the rule, admitting the allegations of the petition but claiming that out of the fund of $1100 there should be paid the costs taxed in the prothonotary's office, the costs of the sheriff, and a sufficient sum to compensate him as attorney for his services rendered in the creation of the said fund.

The goods of Henry Jacobson, now bankrupt, having been seized and sold prior to the bankruptcy under an execution issued from this court, and the money having gone into the hands of the sheriff, as this court's officer, prior to the filing of the petition in bankruptcy, it is clear that this court has complete and effective power to determine finally all rights and title in and to the fund: McCahan's Estate, 312 Pa. 515; Taubel-Scott-Kitzmiller, Inc., v. Fox et al., etc., 264 U. S. 426.

It is also clear that since the writ of execution had not been fully executed and the proceeds turned over to plaintiff these proceeds had not become the property absolutely of the plaintiff creditor. Bankruptcy intervening, the proceeds of the sale go to the trustee in bankruptcy, therefore distribution is in the bankruptcy courts: Clarke v. Larremore, 188 U. S. 486.

The only remaining question is whether, prior to the turning over of the fund to the trustee in bankruptcy, there should be deducted and paid over costs of the prothonotary and sheriff and also reasonable compensation to the attorney who conducted the proceedings and thereby produced the fund. The property sold, which produced this fund, consisted of merchandise and fixtures. This property was in the hands of the bankrupt and was subject to sale and disposition by him in the ordinary course of business. Such disposition was prevented by the levy made at the instance of counsel for plaintiff, who relied on the compensation for his services provided for and set forth in the judgment note upon which judgment was entered. This note given by the bankrupt specifically provided for costs and attorney's fees. If the goods and fixtures had not been sold but had been seized as a part of the bankrupt estate it would have been necessary to turn them into money, at some expense to the estate, and the estate suffers no harm by reason of the costs of the proceeding being deducted. The creditors of the bankrupt estate saw fit to stand by and take no action until the proceeds of the sale had been realized, and now they seek to seize that fund relieved of all expense. As we view this case, the fund should be distributed under equitable principles. Plaintiff's counsel, by aggressive action, seized the goods, preventing their sale or otherwise being removed, and so conducted the proceedings that they were reduced to money which is now to be turned over to the trustee in bankruptcy without any additional expense. Under such circumstances, we believe equitable principles require that the fund pay the costs of producing it, including reasonable compensation for the attorney whose services brought this about. This is the view adopted in Harris' Appeal, 323 Pa. 124.

And now, August 22, 1936, this case having been presented on petition and answer and having been argued, it is ordered that Fred W. Brady, Sheriff of Washington County, pay over to R. H. Coleman, trustee in bankruptcy

of the estate of Henry Jacobson, individually, and trading as Mon City Candy Company, all of the proceeds coming into his hands by virtue of the writ of execution issued to no. 6, May term, 1936, e. d., less the costs properly taxed on such writ for and due to the prothonotary and the Sheriff of Washington County, and also less the sum of $50 compensation for attorney's services, which sums the sheriff shall distribute to the prothonotary, the sheriff, and August Sismondo, Esq., respectively.