**In re Donald K. POUNCEY, Debtor.**

**Bankruptcy No. 85–01830.**

United States Bankruptcy Court,
M.D. Alabama, N.D.

March 21, 1986.

Tom McGregor, Trustee, Webb, Crumpton, McGregor, Schmaeling & Wilson, Montgomery, Ala., for movant.

C. Winston Sheehan, Jr., Ball, Ball, Duke & Matthews, P.A., Montgomery, Ala., for trustee.

Frank A. Hickman, Hartley & Hickman, Greenville, Ala., for Auto Owners Ins. Co.

## OPINION ON AVOIDING JUDGMENT AND EXECUTION LIENS

A. POPE GORDON, Bankruptcy Judge.

The trustee, Tom McGregor, seeks to avoid a creditor's judgment lien and also an execution lien under the provisions of 11 U.S.C. § 547(b). The trustee filed a motion to avoid the liens and served the motion on the creditor, Auto Owners Insurance Company, owner of the liens by assignment from Parker Waller Agency. The motion was heard, briefs were filed, and the matter submitted—all without objection to commencing an adversary proceeding by a motion instead of by a complaint. Rules 7001(2) and 7003, Federal Rules of Bankruptcy Procedure. Any insufficiency of process is thus deemed waived. Rule 7012(b).

The court holds that the liens may be avoided.

The facts are undisputed. Trustee's brief accurately states the facts and the law applicable to this proceeding. It is adopted for this opinion substantially without change.

## FACTS

On July 24, 1985, a certificate of judgment in favor of Parker Waller Agency was filed in the Office of the Judge of Probate for Montgomery County, Alabama, in Real Property Book 738, at page 108.

On September 22, 1985, pursuant to a writ of execution the Butler County Sheriff seized a 1984 Ford Bronco, Tag No. NC2659, VIN No. 1FMBU14S5EU92979, belonging to the debtor, Donald K. Pouncey.

On October 18, 1985, a bankruptcy petition was filed by the debtor seeking relief pursuant to 11 U.S.C. Chapter 7.

Pursuant to a turnover request, the Sheriff has delivered the Ford Bronco to the trustee.

## JUDICIAL LIEN

The filing of a certificate of judgment for recording in the office of the Judge of Probate of a county in Alabama, constitutes a judicial lien upon the property of the debtor to the extent that such property is subject to levy and execution in Alabama. *Alabama Code* § 6-9-210, 211 (1975).

The trustee seeks to avoid the lien in favor of Parker Waller Agency which was created upon the filing of a certificate of

judgment in the Probate Office. See *Butler v. Hughes,* 271 Ala. 363, 124 So.2d 265 (1960). This certificate of judgment created a judicial lien on July 24, 1985, which was less than 90 days before the filing of the petition in this case.

 Judgment liens filed for record less than 90 days before the filing of a bankruptcy petition are preferential transfers. *In Re Norman,* 41 B.R. 1 (Bkrtcy.M.D.Ala.1983); *In Re Fair,* 28 B.R. 160 (Bkrtcy.M.D.Ala.1983). Thus the judgment lien may be avoided in this case under 11 U.S.C. § 547.

 Departing from the brief, the court notes that it is the *lien* created by recording the judgment which is void—not the judgment itself. Under Alabama law the judgment creditor may obtain a lien on property by levy. The lien by levy may be obtained absent recording to create a judgment lien or in addition to judgment lien. *In Re Sandefer,* 47 B.R.. 133 (Bkrtcy.N.D.Ala.1985). If the judgment lien is void, as in this case, the lien created by the levy is still to be reckoned with. The brief of the trustee continues.

### EXECUTION LIEN

Upon the levy of a writ of execution, a lien attaches to all of the debtor's right, title and interest in the attached property. The lien is established at the time of the levy. *Alabama Code* § 6–9–60 (1975).

On September 22, 1985, the Butler County Sheriff seized the debtor's 1985 Ford Bronco. This levy was within 90 days from the date the bankruptcy petition was filed in this case.

 Pursuant to 11 U.S.C. § 547(b), a trustee may avoid a "transfer of property of the debtor that gives a creditor a preferred position among creditors of the bankrupt". Under § 101(48) of the Bankruptcy Code, "a transfer" includes "*every* mode, direct or indirect, absolute or *conditional,* voluntary or *involuntary,* of disposing of or parting with property or with an *interest in property,* including retention of title as a security interest." (em-

phasis supplied) This definition encompasses an execution lien.

In *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) the court discussed the concept of "property of the estate" in the context of a turnover action to recover property seized by the IRS pre-petition. The court held that the "estate includes property of the debtor that has been seized by a creditor prior to filing of a petition ..." *Id.* at 462 U.S. at 209, 103 S.Ct. at 2315, 76 L.Ed.2d at 524.

The rights and interest remaining in the debtor after levy and seizure by the IRS in *Whiting Pools,* were found by the Supreme Court to be sufficient interest to constitute property of the estate. In Alabama an execution levy operates as an involuntary conveyance by an owner when an execution is run against him.

The United States Supreme Court in *Clarke v. Larremore,* 188 U.S. 486, 23 S.Ct. 363, 47 L.Ed. 555 (1903) considered a similar fact situation and pointed out:

It is said that that money was not the property of the bankrupt, but of the creditor in the execution. Doubtless as between the judgment creditor and debtor, and while the execution remained in force, the money could not be considered the property of the debtor, and could not be appropriated to the payment of his debts as against the rights of the judgment creditor, but it had not become the property absolutely by the creditor. The writ of execution had not been fully executed. Its command to the sheriff was to seize the property of the judgment debtor, sell its, and pay the proceeds over to the creditor. The time within which that was to be done had not elapsed, and the execution was still in his hands, not fully executed. The rights of the creditor were still subject to interception.

In discussing the creation of liens by judicial proceedings 3 *Collier on Bankruptcy,* ¶ 547.12[2], 547–52, n. 24 (15th ed.) cites *Adler v. Greenfield,* 83 F.2d 955 (2d Cir.

1936) and quotes from that decision as follows:

It makes no difference that the Judgment was obtained more than four months prior to the filing of the Petition in Bankruptcy. The Judgment alone gives no lien against the debtor's personal property until the Execution against it is delivered to the property officer to be executed. Here the property was transferred to the bankrupt, within the meaning of the Statute, and since the levy and sale were made within the four months preceding the Bankruptcy, it was voidable by the Trustee.

█ In Alabama a judgment alone does not create a lien. *See Barksdale v. Jordan,* 253 Ala. 199, 43 So.2d 406 (1949). The lien is established as of the date of the levy. *Alabama Code* § 6–9–60 (1975). Since the execution lien was created within 90 days from the date of the bankruptcy filing, the lien is a preferential transfer which should be set aside for the benefit of all creditors.

An order will enter consistent with this opinion.